STRATFORD CHASE APARTMENTS, Appellant,

v.

CITY OF COLUMBUS et al., Appellees.

[Cite as *Stratford Chase Apts. v. Columbus* (2000), 137 Ohio App.3d 29.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–586.

Decided March 7, 2000.

*Havens Willis L.L.C.,* *William L. Willis, Jr.,* and *Kathryn R. Gugle,* for appellant.

*Janet E. Jackson,* City Attorney, and *Todd M. Rodgers,* Assistant City Attorney, for appellees.

---

Bowman, Presiding Judge.

Plaintiff-appellant, Stratford Chase Apartments, an Ohio general partnership, filed a complaint against defendants-appellees, city of Columbus, Mayor Lashutka, Thomas Merritt and John Johnson, in the Franklin County Court of Common Pleas. The complaint alleged that appellees' denial of appellant's request for

individual container refuse service constituted discrimination in violation of appellant's constitutional right to equal protection of the laws. Both sides filed motions for summary judgment. The common pleas court issued a decision denying appellant's and granting appellees' respective motions for summary judgment. Appellant appeals the decision of the trial court and presents the following two assignments of error for review:

"I. Trial court erred in granting defendant's motion for summary judgment.

"II. Trial court erred in failing to grant plaintiff's motion for summary judgment thereby denying plaintiff's equal protection rights."

In 1984, Columbus City Code ("C.C.C.") 1303.11 (now C.C.C. 1309.01) was amended to require newly constructed apartment dwellings of five units or more to provide dumpsters in order to receive city refuse collection. Construction of Stratford Chase was completed in 1989. The developer who constructed Stratford Chase opted to use private refuse haulers when he learned that the city would only provide dumpster service. Dragoo and Associates Inc., purchased Stratford Chase in 1990.

Appellant's managing partner, John Dragoo, applied for ninety-gallon individual container service in September 1996, when he learned that appellant's neighboring and essentially identical competitor received ninety-gallon individual container service. The city informed appellant it could not provide the requested service because no ninety-gallon containers were available. When appellant offered to buy the containers, appellees refused to provide appellant with any type of service but dumpster service. Dragoo concluded that the disparate treatment must be based upon an arbitrary and capricious standard lacking a rational basis and that, as a consequence of this treatment, appellant had been denied equal protection of the laws.

Appellant filed a complaint seeking a preliminary and permanent injunction, an order declaring appellees' discriminatory acts unconstitutional, and money damages. Both sides filed motions for summary judgment.

The trial court analyzed appellant's equal protection claim under the rational basis standard. The court found that appellant bore the burden of proving that no set of facts existed under which the city could decide to offer appellant only dumpster service instead of the requested ninety-gallon individual container service. The court noted that the city had identified a legitimate purpose, to provide efficient cost effective waste collection, and that appellant had not contradicted this legitimate purpose. The court concluded that appellant had not met its burden under the rational basis standard and found appellant's equal

protection claims not well taken. The court granted appellees' summary judgment motion and denied appellant's summary judgment motion.

Appellant's first assignment of error alleges that the trial court erred when it granted appellees' motion for summary judgment.

■ Appellate court consideration of summary judgment motions is *de novo*. *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841, 843–844. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343, 345.

■ In *State ex rel. Hilliard Commons Condominium Assn. v. Columbus* (Aug. 17, 1999), Franklin App. No. 98AP–1135, unreported, this court noted that the equal protection standard applied to challenges based on a statutory classification is different from the standard applied to challenges based on an allegedly discriminatory application of facially fair and impartial laws. While the rational basis standard is applied to equal protection challenges to statutory classifications that do not involve a fundamental right or suspect class, it does not apply to equal protection challenges based on disparate treatment.

■ When a party argues that a law that is fair and impartial on its face is applied in a manner that improperly discriminates between similarly situated persons, a different standard is applied. Under this standard, "there is no denial of equal protection unless an element of intentional or purposeful discrimination is shown." *Id.*, citing *Snowden v. Hughes* (1944), 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; *Cahill v. Lewisburg* (1992), 79 Ohio App.3d 109, 116, 606 N.E.2d 1043, 1047–1048. Furthermore, because the good faith of government officials is presumed, the complaining party bears the burden of proving intentional and purposeful discrimination. *Aurora v. Sea Lakes, Inc.* (1995), 105 Ohio App.3d 60, 68, 663 N.E.2d 690, 694–695.

■ In the present case, the trial court erroneously analyzed appellant's equal protection claim, which alleged disparate treatment, under the rational basis standard. Because the two standards require different elements of proof, the trial court did not consider issues that must be addressed to properly determine the merits of appellant's claim. Consequently, the trial court erred when it

awarded summary judgment to appellees based on its finding that appellant had not met its burden under the rational basis standard.

■ Even though a reviewing court considers a summary judgment motion *de novo*, Civ.R. 56(C) "mandates that the trial court make the initial determination whether to award summary judgment; the trial court's function cannot be replaced by an 'independent' review of an appellate court." *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360, 604 N.E.2d 138, 141. Therefore, this matter must be remanded to the trial court for initial consideration of appellees' alleged unconstitutional discriminatory treatment of appellant under the proper standard.

For the above reasons, appellant's first assignment of error is sustained.

In its second assignment of error, appellant contends that the trial court erred when it denied appellant's motion for summary judgment. Due to the trial court's erroneous application of the law to appellant's claim, it has not yet considered the merits of appellant's equal protection claim. Accordingly, these issues are not yet before this court and appellant's second assignment of error is overruled.

Appellant's first assignment of error is sustained and appellant's second assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

LAZARUS and PEGGY BRYANT, JJ., concur.