I agree that Siemon's R.C. Chapter 2506 claim for relief is rendered moot because he has served his suspension and since graduated. None of the alternative forms of relief that R.C. 2506.04 authorizes the common pleas court to grant can now undo the suspension and the losses that allegedly resulted from it. Further, that section does not authorize an award of money damages or the injunctive relief that Siemon seeks. That relief is, instead, predicated on his 42 U.S.C. § 1983 civil rights claim.
Siemon's complaint alleges that he was denied a fair opportunity to be heard concerning the causes alleged in the "Notice of Suspension" served on him. Such a denial may constitute a deprivation of due process. SeeMcDonald v. City of Dayton (2001), 146 Ohio App.3d 598, 2001-Ohio-1825. Siemon's complaint also alleges that he "was unfairly and arbitrarily singled out for punishment." (Paragraph 22). That is sufficient to plead an equal protection violation arising from disparate treatment. SeeStratford Chase Apts. v. Columbus (2000), 137 Ohio App.3d 29. Both due process and equal protection violations constitute a basis for a42 U.S.C. § 1983 claim for relief.
At this stage, and pursuant to Civ.R. 12(B), Siemon's factual allegations in support of those civil rights claims must be presumed to be true, and a motion to dismiss granted only if it appears beyond doubt that he can prove no set of facts warranting relief. State, ex rel.Midwest Pride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565,1996-Ohio-459. On this record, that standard is not satisfied. Therefore, the trial court erred when it dismissed Siemon's civil rights claims for money damages and injunctive relief. York v. Ohio StateHighway Patrol (1991), 60 Ohio St.3d 143.
I reach this conclusion reluctantly, for two reasons. First, Siemon doesn't deny culpability in a disgusting episode, one that school authorities quite properly moved to punish. Even if they were mistaken concerning the extent of Siemon's participation, that's not a deprivation of due process. Only the alleged denial of a prompt hearing on the causes involved implicates the due process standard. McDonald, supra. And, an equal protection violation occurred only if, somehow, school officials intentionally and purposefully discriminated against him.Stratford Chase Apts., supra.
My second reason is that, unfortunately, our prior decision in this matter appears to have caused this issue to be lost to the trial court's attention on remand, perhaps because we conflated the civil rights concept of "collateral disability" into the R.C. Chapter 2506 claim, and then required the trial court to resolve only that claim. When it resolved the claim against him, Siemon appealed. His appeal argues civil rights principles, albeit in an R.C. Chapter 2506 context. His failure to separately assign error with regard to the trial court's most recent dismissal is largely the result of our remand. Siemon's failure should not weigh against him, at least to the extent that it might waive his claims of error with respect to his 42 U.S.C. § 1983 claim.