DECISION *Page 2 
{¶ 1} Plaintiff-appellee Patrick J. Carter sued defendant-appellee Complete General Construction Company and defendant-appellant City of Columbus for damage caused to his sewer line during road construction. The city filed a cross-claim against Complete General claiming breach of contract and a contractual duty for Complete General to indemnify the city for any liability incurred by the city toward Carter. Complete General cross-claimed against the city asserting claims in negligence and indemnification, both based on allegations that the utility diagrams provided for the project failed to disclose the existence and location of private sewer laterals and that this and other actions by the city breached the city's contractual and statutory duties relating to protection of buried utilities. The city moved for summary judgment on Carter's claims, asserting that it was statutorily immune from tort liability. The trial court denied the city's motion, as well as cross-motions for summary judgment filed by Complete General. The city has appealed the trial court's finding of non-immunity, and Complete General has cross-appealed from the trial court's denial of summary judgment in its favor. Although the trial court's judgment does not resolve all claims as to all parties and would under most circumstances not constitute a final appealable order, the denial of immunity to the city is immediately appealable under R.C. 2744.02(C).
 {¶ 2} The city brings the following sole assignment of error:
 The trial court erred by misinterpreting and failing to apply R.C. 2744 et seq, when it denied the City of Columbus' motion for summary judgment despite the fact that the City is entitled to immunity for plaintiff-appellee Patrick Carter's claims. *Page 3 
 {¶ 3} Complete General brings the following assignment of error:
 The Trial Court erred when it denied Complete General's motion for summary judgment on its claims for indemnification against the City of Columbus.
 {¶ 4} The pertinent facts of this case are largely uncontested. The city contracted with Complete General for construction services arising from the widening and improvement of Morse Road in Columbus. Part of the work required installation of new lighting standards. The city provided plans and specifications to help locate underground utilities, including the main sanitary sewer. These plans did not, however, depict the sanitary sewer laterals leading to properties along Morse Road.
 {¶ 5} Carter owns a property at 1410 Morse Road, and an attendant sewer lateral connected to the main sewer in the Morse Road right-of-way. While placing foundations for new lighting standards with a 24-inch auger, Complete General unintentionally bored directly above Carter's sewer lateral and severed or crushed it. The cost of repairs to the sewer lateral and damage to Carter's premises from the resulting sewer back-up led to the present lawsuit.
 {¶ 6} We initially note this matter was decided in the trial court by summary judgment, which under Civ. R. 56(C) may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Tokles Son, Inc. v. Midwestern Indemn. Co.
(1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. *Page 4 
 {¶ 7} An appellate court's review of summary judgment is de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Patsy Bard v. Soc. Natl. Bank, nka KeyBank (Sept. 10, 1998), Franklin App. No. 97APE11-1497. Thus, we conduct an independent review of the record and stand in the shoes of the trial court. Jones v. ShellyCo. (1995), 106 Ohio App.3d 440, 445. As such, we have the authority to overrule a trial court's judgment if the record does not support any of the grounds raised by the movant, even if the trial court failed to consider those grounds. Patsy Bard.
 {¶ 8} We further note that a denial of summary judgment is generally not a final appealable order. Celebrezze v. Netzley (1990),51 Ohio St.3d 89. We therefore may not consider in this appeal any purported error arising from such a denial, with the exception of a grant or denial of statutory immunity for the city. All other questions presented in the case and argued by the parties in this appeal are premature, including Complete General's possible cross-claims for contractual remedies against the city and the city's cross-claims against Complete General.
 {¶ 9} We will first address the city's contention that it has immunity from all claims stated in Carter's complaint. The city asserts that it is immune from tort liability under R.C. 2744.02, which covers the immunity of political subdivisions and exceptions thereto:
 (A)(1) For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political *Page 5 
subdivision in connection with a governmental or proprietary function.
 (2) The defenses and immunities conferred under this chapter apply in connection with all governmental and proprietary functions performed by a political subdivision and its employees.
 * * *
 (B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. * * *
 (2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
 (3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads * * *.
 (5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02
and 5591.37 of the Revised Code. Civil *Page 6 
liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.
 (C) An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.
 {¶ 10} The first step in the analysis of a political subdivision's immunity under R.C. 2744.02 begins with the predicate that, absent application of any of the exceptions set forth subsequently in the statute, the court will initially find political subdivisions immune from liability incurred in performing either a governmental or proprietary function. R.C. 2744.02(A)(1); Colbert v. Cleveland,99 Ohio St.3d 215, 2003-Ohio-3319, ¶ 7. We must then examine the applicable exceptions, and in doing so determine whether the activity undertaken by the municipality that led to the civil action constituted a governmental or proprietary function, since these are treated differently for immunity purposes. Id. Finally, if any of the exceptions to immunity apply, we must examine R.C. 2744.03, which sets forth defenses against liability in instances where a municipality is not immune from suit. We do not reach the third step in the present case.
 {¶ 11} The maintenance and repair of streets and highways constitute a governmental function. R.C. 2744.01(C)(2)(e); Haynes v. Franklin,95 Ohio St.3d 344, 2002-Ohio-2334, ¶ 9. The exceptions to immunity affecting proprietary functions of political subdivisions, enumerated at R.C. 2744.02(B)(2), are accordingly inapplicable in the present case. With respect to the enumerated exceptions applying to governmental *Page 7 
functions, this tort action does not arise out of operation by the city of a motor vehicle (R.C. 2744.02(B)(1)), nor did it occur due to a negligent failure to keep roads in repair and remove obstructions therefrom (R.C. 2744.02(B)(3)). The only arguable specific exception to immunity is found at R.C. 2744.02(B)(5), which acknowledges that the legislature may have expressly imposed civil liability upon political subdivisions elsewhere in the Revised Code beyond those exceptions set forth in R.C. Chapter 2744. R.C. 2744.02(B)(5), however, makes clear that such liability is only applicable "when civil liability isexpressly imposed upon the political subdivision by a section of the Revised Code * * * Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision * * *." (Emphasis added.)
 {¶ 12} Appellee Carter argues in the present case that liability is imposed on the city by R.C. 153.64, which imposes a duty upon the city and contractor to notify private utility owners and undertake certain precautions to locate underground utilities prior to digging. This statute, however, does not expressly impose civil liability upon a political subdivision for damages to private property owners caused by the political subdivision's failure to comply with the statutory provisions. Even accepting, arguendo, that the city in the present case should have furnished its contractor with diagrams reflecting private sewer laterals likely to be impacted by the project, the only consequence imposed upon a political subdivision under R.C. 153.64 is an obligation to afford the contractor "an increase to the contract price * * * for any additional work that must be undertaken or additional time that will be required * * *" for resulting delays or work. R.C. 153.64(D). Any liability imposed upon a political subdivision by R.C. 153.64, therefore, is founded in *Page 8 
contract based upon a contractual relationship and duties between the contracting parties. This is not sufficient to constitute an express exception to the general scheme of immunity set forth in R.C. 2744.02
and establish liability toward third parties. In so holding we expressly acknowledge and overrule the conflicting aspects of the Franklin County Municipal Court's decision in Columbia Gas of Ohio v. Columbus AsphaltPaving, 142 Ohio Misc.2d 101, 2006-Ohio-7304.
 {¶ 13} We accordingly find that the trial court erred in concluding that the city is not immune from liability with respect to Carter's claims against the city. That aspect of the trial court's judgment is reversed, and the trial court will enter summary judgment for the city upon remand with respect to all claims by Carter against the city.
 {¶ 14} We now turn to the question of whether the city is immune under Chapter 2744 with respect to Complete General's cross-claims for indemnification and negligence. We find that it is immune with respect to the negligence claim and any indemnification under common-law tort theories, but is not immune with respect to any claims pursuant to the contract between the city and Complete General and pursuant to the limited exception created by R.C. 153.64.
 {¶ 15} If the city is immune from tort liability toward Carter, it is also immune from such indirect tort liability toward Carter by means of indemnification (under tort theories) of Complete General's costs arising out of Carter's damages. A tort claimant cannot achieve indirectly that which he could not accomplish directly, and circumvention of tort immunity by means of common-law indemnification is barred. To the extent that the trial court's judgment denies such tort immunity to the city with respect to Complete General's cross-claim, it is reversed. *Page 9 
 {¶ 16} However, the freedom from "civil liability" in R.C. 2744.02
means tort liability and does not extend to freedom from civilcontractual liability. R.C. 2744.09 ("This chapter does not apply to, and shall not be construed to apply to * * * actions that seek to recover damages from a political subdivision * * * for contractual liability[.]"). See, generally, LRL Properties v. Portage Metro. HousingAuth. (Dec. 17, 1999), 11th Dist. App. No. 98-P-0070. The city is not immune from any liability that is based on the terms of its contract with Complete General, independently or in conjunction with any obligations that arise under R.C. 153.64.
 {¶ 17} Finally, the city argues that R.C. 153.64 is in any case inapplicable because the city, as a home rule entity under Section 3, Article XVIII of the Ohio Constitution, has exercised its powers of local self-government to enact an ordinance covering the construction contract in question, and this ordinance supersedes R.C. 153.64. See, generally, Dies Elec. Co. v. Akron (1980), 62 Ohio St.2d 322. Such a superseding ordinance, however, must conflict not by inference but its express terms, and in the absence of express conflict should be harmonized with the state statute. Trucco Constr. Co. v. Columbus, Franklin App. No. 05AP-1134, 2006-Ohio-6984. The contract in question and the enabling city ordinances do not expressly conflict with R.C. 153.64, and in fact several governing documents incorporated by reference (the General Notes section of the Morse Road Improvement Plan, the City of Columbus Construction Materials and Specifications 2002 edition) contain sections on existing utilities protection that reference R.C. 153.64 and provide that the parties shall proceed in accordance with its provisions governing notice to utility owners and marking of underground utilities. *Page 10 
 {¶ 18} We accordingly find that the city is not immune from liability toward Complete General if such liability arises under the terms of the contract governing the work or under the limited cause of action created by R.C. 153.64.
 {¶ 19} The decision here is limited to the question of the city's immunity from tort claims. The other issues are not final appealable orders and the trial court's ruling on any of those remains interlocutory. Upon remand the trial court retains complete jurisdiction to consider all other claims raised in the pleadings.
 {¶ 20} The merits of Carter's claims against Complete General are, of course, not affected by the present appeal.
 {¶ 21} In accordance with the foregoing, the city of Columbus's assignment of error has merit and is sustained in part. The trial court will enter judgment on remand in favor of the city of Columbus with respect to plaintiff-appellee Patrick Carter's tort claims against the city of Columbus, and any cross-claims by Complete General for indemnification or negligence that are based on theories other than contract and R.C. 153.64.
 {¶ 22} Complete General's assignment of error on cross-appeal is not ripe for review as it presents an appeal from a denial of summary judgment that is not a final appealable order.
 {¶ 23} The judgment of the Franklin County Court of Common Pleas is reversed in part and the matter remanded for further proceedings.
Judgment reversed in part; cause remanded.
 BRYANT and FRENCH, JJ., concur. *Page 1