[Cite as *Sickles v. Jackson Cty. Hwy. Dept.*, 196 Ohio App.3d 703, 2011-Ohio-6102.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| SICKLES, et al., | : | Case No. 11CA7 |
| | : | |
| Appellees, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JACKSON COUNTY HIGHWAY | : | |
| DEPARTMENT et al., | : | **RELEASED 11/17/11** |
| | : | |
| Appellants. | : | |

_____

APPEARANCES:

Cooper & Elliott, L.L.C. and Rex H. Elliott, Charles H. Cooper Jr., Bradley A. Strickling, and Adam P. Richards, for appellees.

Lambert Law Office and Randall Lambert, for appellants.

_____

Harsha, Presiding Judge.

{¶ 1} The Sickles family filed suit against Jackson County and Thomas Keaton, alleging that Keaton, a county employee, had negligently and recklessly operated a salt truck, causing them personal and derivative injuries. The defendants now appeal the trial court's denial of their motion for summary judgment.

{¶ 2} Appellants contend that the Jackson County Highway Department is not a proper party, because the department does not have the capacity to sue or be sued. However, the trial court's decision to deny the department summary judgment based on this argument did not deny the department the benefit of an alleged immunity from suit. Therefore, the general rule that a denial of summary judgment is a not a final,

appealable order applies to this issue. And without a final order, we lack jurisdiction to consider this argument and must dismiss this portion of the appeal.

{¶ 3} Next, appellants argue that the trial court erred when it denied the engineer and the commissioners immunity from the Sickleses' claims of respondeat superior liability for Keaton's alleged negligent operation of the salt truck. The parties agree that the engineer's and the commissioners' offices qualify for the general grant of immunity under the Political Subdivision Tort Liability Act. However, they disagree about whether statutory exceptions to immunity potentially expose appellants to liability. Appellants implicitly acknowledge that the Sickleses' allegations implicate the exception for negligent operation of a motor vehicle but argue that their claims are barred for various reasons.

{¶ 4} First, appellants contend that the Sickleses failed to present summary-judgment evidence demonstrating that Keaton drove in a negligent manner. Specifically, they argue that Keaton did not breach a common-law duty of care and that the accident was not foreseeable. Because genuine issues of material fact exist as to these issues, the trial court properly denied summary judgment.

{¶ 5} Second, appellants argue that Shannon's contributory negligence bars recovery in this case. However, the trial court's rejection of this argument did not deny the engineer or the commissioners the benefit of an alleged immunity from suit. A plaintiff's contributory negligence does not reinstate a political subdivision's immunity; it merely acts as an affirmative defense to the negligence claims against a defendant. Therefore, the general rule that a denial of summary judgment is a not a final, appealable order applies to this issue. And without a final order, we lack jurisdiction to

consider this argument and dismiss this portion of the appeal.

{¶ 6} Third, appellants argue that even if genuine issues of material fact exist concerning the issues of negligence and comparative negligence, the engineer and the commissioners have a full defense to liability under R.C. 2744.02(B)(1)(c) or R.C. 2744.03(A)(3) reinstates their immunity. Because appellants failed to raise these additional immunity arguments in the trial court, we will not consider them for the first time on appeal.

{¶ 7} Finally, Keaton contends that he is entitled to immunity from suit based on the additional statutory immunity provided to employees of a political subdivision. Because he failed to raise this defense in the motion for summary judgment, we will not address it for the first time on appeal. Accordingly, we affirm the trial court's judgment.

I. Facts

{¶ 8} In their complaint, the Sickleses alleged that they were involved in an accident when Robert Johnson drove into their vehicle and forced it down an embankment. After the Sickleses exited their vehicle, Ronald Sickles went to get help while Shannon Sickles and Ryan Sickles waited by Johnson's vehicle. Soon, Keaton approached the scene driving a salt truck. According to the Sickleses, "[a]t least two people flagged Mr. Keaton to stop his truck given the hazard in front of him." Keaton "slowed his truck almost to a stop at the top of a hill where he could see the crash scene" but "carelessly decided to proceed ahead." The Sickleses alleged that Keaton failed to control his vehicle, crossed onto the left side of the roadway, and struck Shannon and Ryan. The Sickleses brought claims against Keaton for negligence per se, negligent and reckless conduct in his operation of the salt truck, negligent infliction

3

of emotional distress, and Ronald's loss of Shannon's consortium.  The Sickleses also alleged that Keaton was an employee or agent of the Jackson County Highway Department, the Jackson County engineer, and the Jackson County commissioners. The Sickleses claimed that those defendants were liable for Keaton's conduct under the doctrine of respondeat superior.

{¶ 9}  The defendants filed a motion for summary judgment, raising various arguments.  The trial court denied the motion, simply stating that "there are genuine issues of material fact and * * * Defendants' motion is not well taken."  This appeal followed.

## II.  Assignments of Error

{¶ 10} Appellants assign the following errors for our review:[1]

> The Jackson County Highway Department is not a proper party to this suit because it is not a political subdivision capable of being sued.

> R.C. §2744 provides sovereign immunity to appellants, Thomas Keaton, the Jackson County engineer, and the Jackson County commissioners, concerning appellees' claims, and as a result, the trial court erred by holding that the appellants were not afforded sovereign immunity.

## III.  Standard of Review

{¶ 11} When reviewing a trial court's decision on a motion for summary judgment, we conduct a de novo review governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, at ¶ 8. Summary judgment is appropriate when the movant has established (1) that there is no

---

[1] Appellants did not specifically designate these statements as assignments of error in their brief. Nonetheless, we recognize them as such.

4

genuine issue of material fact, (2) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, with the evidence against that party being construed most strongly in its favor, and (3) that the moving party is entitled to judgment as a matter of law. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. See Civ.R. 56(C).

**{¶ 12}** The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 662 N.E.2d 264. To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C). See also *Hansen v. Wal-Mart Stores, Inc.*, Ross App. No. 07CA2990, 2008-Ohio-2477, at ¶ 8. Once the movant supports the motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Id.

IV. Jurisdiction

**{¶ 13}** Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Section 3(B)(2), Article IV, Ohio

5

Constitution. If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *Eddie v. Saunders*, Gallia App. No. 07CA7, 2008-Ohio-4755, at ¶ 11. "The denial of a motion for summary judgment does not determine the action and prevent a judgment, and thus generally does not constitute a final order under R.C. 2505.02." *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292. See *Essman v. Portsmouth*, Scioto App. No. 08CA3244, 2009-Ohio-3367, at ¶ 10 *(Essman I)*.

{¶ 14} However, R.C. 2744.02(C) provides: "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." Even if the case involves multiple claims and parties, as this case does, "there is no reason for a trial court to certify under Civ.R. 54(B) that 'there is no just cause for delay.' When the denial of political-subdivision immunity is concerned, the trial court has no discretion to determine whether to separate claims or parties and permit an interlocutory appeal." *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, at ¶ 12. Thus, to the extent that appellants challenge the trial court's denial of their R.C. Chapter 2744 immunity claims, we have jurisdiction to consider their arguments. However, as we explain below, some of appellants' arguments do not relate to a denial of immunity, so we lack jurisdiction to consider them.

V. Analysis

A. Jackson County Highway Department

{¶ 15} In their first assignment of error, appellants contend that the Jackson County Highway Department "is not a political subdivision and is not a proper party

6

because such department does not have the capacity to sue or be sued. Accordingly, Jackson County Highway Department should have been dismissed from this action." As the Sickleses correctly point out, the trial court's rejection of this argument did not deny the Highway Department the benefit of an alleged immunity from liability. Rather, it simply rejected the contention that the Jackson County Highway Department lacks the capacity to be sued. Regardless of the propriety of this decision, it does not address statutory immunity, i.e., capacity to be sued and statutory immunity are distinct legal concepts. Capacity refers to a legal qualification that determines one's ability to sue or be sued. Immunity is an exception from liability, i.e., a defense, that a party with capacity to be sued can raise. See Black's Law Dictionary (7th Ed.1999) 199, 752.

{¶ 16} Absent an exception to the general rule that a denial of summary judgment is a not a final, appealable order, we cannot address the appellants' argument. See *Essman I*, 2009-Ohio-3367, at ¶ 10, ¶ 12 (appellate court had jurisdiction to consider an order denying summary judgment to the extent that the trial court denied R.C. Chapter 2744 immunity but not to the extent that the court rejected a statute-of-limitations defense because that ruling did not deny the appellant the benefit of an alleged immunity); *Carter v. Complete Gen. Constr. Co.*, Franklin App. No. 08AP-309, 2008-Ohio-6308, at ¶ 8. Accordingly, we dismiss the appeal of the trial court's decision concerning the Highway Department for lack of a final, appealable order.

B. Jackson County Commissioners and Jackson County Engineer

{¶ 17} In their second assignment of error, appellants argue in part that the trial erred when it denied the Jackson County commissioners and Jackson County engineer the benefit of immunity from liability under R.C. Chapter 2744. Although appellants

7

frame this assignment of error broadly, their argument focuses solely on the respondeat superior liability claims based on Keaton's alleged negligent operation of the salt truck. Their argument does not make specific mention of the Sickleses' other respondeat superior liability claims, such as the claim based on Keaton's alleged negligent infliction of emotional distress or alleged reckless conduct. Therefore, we limit our analysis to the claims founded on Keaton's alleged negligent operation of the salt truck.

{¶ 18} R.C. Chapter 2744 "addresses when political subdivisions, their departments and agencies, and their employees are immune from liability for their actions." *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, at ¶ 8. The issue of whether a political subdivision is entitled to immunity from state-law claims under R.C. Chapter 2744 presents a question of law that we review de novo. *Essman v. Portsmouth*, Scioto App. No. 09CA3325, 2010-Ohio-4837, at ¶ 24 (*Essman II*), citing *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 292, 595 N.E.2d 862.

{¶ 19} Determining whether a political subdivision is immune from liability under R.C. 2744.02 involves a three-tiered analysis. *Lambert* at ¶ 8. The first tier, R.C. 2744.02(A)(1), provides a general grant of immunity, stating in part that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." The second tier in the analysis focuses on the five exceptions to the general grant of immunity, which are listed in R.C. 2744.02(B). *Lambert* at ¶ 9. If any of the exceptions to immunity apply, thereby exposing the political subdivision to liability, the third tier of the analysis assesses whether any of the defenses to liability in R.C.

8

2744.03 apply to reinstate immunity.  Id.

{¶ 20} The Sickleses do not dispute appellants' contention that claims against the Jackson County commissioners and Jackson County engineer generally qualify for the broad grant of immunity under R.C. 2744.02(A)(1).  However, appellants also argue that none of the five exceptions to immunity in R.C. 2744.02(B) expose them to potential liability.  Although the Sickleses apparently concede that R.C. 2744.02(B)(2) through (5) do not apply, they contend that the commissioners and the engineer are exposed to potential liability under R.C. 2744.02(B)(1), which provides:

> (B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly *caused* by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

> (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority.  The following are full defenses to that liability:

> * * *

> (c) A member of an emergency medical service owned or operated by a political subdivision was operating a motor vehicle while responding to or completing a call for emergency medical care or treatment, the member was holding a valid commercial driver's license issued pursuant to Chapter 4506. or a driver's license issued pursuant to Chapter 4507. of the Revised Code, the operation of the vehicle did not constitute willful or wanton misconduct, and the operation complies with the precautions of section 4511.03 of the Revised Code.

{¶ 21} Appellants implicitly acknowledge that the Sickleses' respondeat superior liability claims implicate R.C. 2744.02(B)(1), i.e., the exception for immunity involving negligent operation of a motor vehicle.  Nonetheless, they contend that these claims are barred because the Sickleses failed to present any summary-judgment evidence that

9

shows that Keaton in fact drove negligently. Specifically, they contend that Keaton did not breach a common-law duty of care and that Keaton could not foresee the accident. Alternatively, they argue that even if a genuine issue of material fact exists about Keaton's negligence, Shannon's contributory negligence bars the Sickleses' recovery.

{¶ 22} The Sickleses admit that to ultimately prevail on their claims, they must establish all of the elements of a negligence action, i.e., " 'the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom.' " *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, quoting *Menifee v. Ohio Welding Prods., Inc.* (1984), 15 Ohio St.3d 75, 77, 472 N.E.2d 707. However, they contend that appellants' arguments go to their burden of proof on the underlying merits of the negligence claims, not the threshold question of whether immunity bars the claims. So they assert that we lack jurisdiction to consider the trial court's rejection of those arguments at this time. However, "[w]hen a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, at syllabus. Thus, we must address appellants' negligence arguments.

{¶ 23} Appellants contend that Keaton was not negligent, because he did not breach a common-law duty of care owed to the Sickleses. Even if we were to assume that the court erred when it rejected this argument, that error would not automatically require the court to grant summary judgment to the commissioners and the engineer. In their complaint, the Sickleses alleged that Keaton violated both a common-law duty of

care and committed negligence per se. "In Ohio, it is a well settled principle of law that violation of a specific safety statute, absent a showing of some legal excuse for failure to comply with the conduct required by the statute, constitutes negligence per se." *Zehe v. Falkner* (1971), 26 Ohio St.2d 258, 261-262, 271 N.E.2d 276. "The concept of negligence per se allows the plaintiff to prove the first two prongs of the negligence test, duty and breach of duty, by merely showing that the defendant committed or omitted a specific act prohibited or required by statute; no other facts are relevant." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, at ¶ 15. In their motion for summary judgment and on appeal, appellants did not challenge the Sickleses' claims of negligence per se. Thus even if Keaton did not breach a common-law duty of care, the claims of negligence per se remain pending and might preclude immunity. In other words, the Sickleses might establish duty and breach through an alternative method. Nonetheless, we still address the merits of appellants' common-law argument.

**{¶ 24}** Appellants contend that Keaton did not breach a common-law duty of care. Whether the defendant had a duty is a question of law for the court. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265. However, once a plaintiff establishes that the defendant had a duty, whether the defendant breached that duty is generally a question of fact for the jury. See *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St.3d 96, 98, 543 N.E.2d 1188. "Negligence in motor vehicle cases, as in negligence cases generally, is the failure to exercise ordinary care so as to avoid injury to others. Ordinary care is that degree of care which persons of ordinary care and prudence are accustomed to observe under the same or similar circumstances, and the

11

degree of care required of a motorist is always controlled by and depends upon the place, circumstances, conditions, and surroundings." *McDonald v. Lanius* (Oct. 28, 1993), Marion App. No. 9-93-23, 1993 WL 451201, at *2, quoting 7 Ohio Jurisprudence 3d (1978) 483-484, Automobiles and Other Vehicles, Section 312.

{¶ 25} Appellants appear to acknowledge that Keaton had a duty to exercise ordinary care, but they contend that Keaton did not breach that duty, because he took all necessary precautions and followed the standards he was taught for driving a salt truck.[2] Specifically, they argue that (1) Keaton was unaware of any problem on the roadway until he saw people standing on the berm on the right side of the road, (2) Keaton was traveling only five miles per hour, (3) Keaton was going around a curve when he saw the people and, in accordance with his training, took his foot off the gas instead of braking because the road was slick, and (4) Keaton slid anyway and could not straighten his vehicle. Appellants also point to the opinion of their expert, Robert Reed, who opined that Keaton acted in a "reasonable and professional manner in accordance with recognized standards of professional operation of commercial vehicles." As evidence of Reed's opinion, appellants refer to a document attached to their appellate brief titled "Robert Reed Report/Analysis." As the Sickleses point out, this report is not part of the record on appeal, so we cannot consider it. However, Reed's opinion also appears in his affidavit, which is part of the record, since appellants attached it to their motion for summary judgment.

{¶ 26} Nonetheless, in their complaint, the Sickleses alleged that Keaton "slowed

---

[2] Keaton maintains that he did not hit Shannon and Ryan but instead struck a vehicle on the other side of the roadway. However, we presume that appellants do not emphasize this fact in their appeal because Shannon's affidavit squarely contradicts Keaton's testimony on this point, creating a genuine issue of material fact.

12

his truck almost to a stop at the top of a hill where he could see the crash scene. However, rather than pull off to the side due to the road conditions ahead and the disabled vehicles involved in the crash, defendant Keaton carelessly decided to proceed ahead." In their answer, appellants "acknowledge[d] that Keaton did slow down at the top of the hill and view the area and then did proceed to perform his job of placing salt on the roadway." In an affidavit, Shannon also averred: "Mr. Keaton slowed his truck almost to a stop at the top of a hill where he could see the crash scene. Mr. Keaton, however, did not pull off to the side of the road." Therefore, a question of fact exists concerning whether Keaton knew about a problem on the roadway sooner than he testified, and thus whether he exercised ordinary care when he proceeded given the icy conditions or should have pulled over as the Sickleses contend.

{¶ 27} Appellants also contend that Keaton did not act negligently, because the accident was not foreseeable to him. "[T]he concept of foreseeability is intertwined not only with duty, but also with proximate cause." *Oiler v. Willke* (1994), 95 Ohio App.3d 404, 410, 642 N.E.2d 667. However, foreseeability "is but a manner of addressing the limits of an actor's legal responsibility, regardless of whether the analysis is conducted under the element of duty or proximate cause." Id. at 411. Therefore, it is more important to recognize the policy nature of this limitation on liability rather than to emphasize the particular element giving it effect. See id.

{¶ 28} "Foreseeability is determined by whether a reasonably prudent person would have anticipated that *an injury* was likely to result from the performance or non-performance of the act." (Emphasis sic.) Id. at 412, citing *Menifee,* 15 Ohio St.3d at 77, 472 N.E.2d 707. "[T]he well-settled rule in Ohio is that a defendant need not anticipate

13

the particular harm or the severity of the injury that results from the negligent act. Instead, it is sufficient that *an* injury was reasonably foreseeable." (Emphasis sic.) *Oiler* at 412, citing *Mussivand*, 45 Ohio St.3d at 321, 544 N.E.2d 265.

{¶ 29} Appellants contend that the accident could not be foreseeable, because Keaton "had no forewarning that a crash had occurred further down the road." But we have already concluded that a question of fact exists concerning when Keaton knew about a problem on the roadway. Thus a question of fact exists about whether Keaton could have foreseen an accident if he continued to drive on an icy roadway that already contained one crash scene. And because genuine issues of material fact exist as to whether Keaton acted negligently, the trial court did not err when it determined that genuine issues of material fact exist about whether R.C. 2744.02(B)(1) exposes the engineer and the commissioners to liability.

{¶ 30} Appellants contend that even if Keaton acted negligently, the contributory negligence of Shannon bars the Sickleses' recovery as a matter of law. However, the trial court's rejection of this argument did not deny the engineer or the commissioners the benefit of an alleged immunity from liability. If a political subdivision is exposed to liability under R.C. 2744.02(B)(1), no provision of the Revised Code reinstates immunity if the plaintiff is contributorily negligent. The contributory fault of the plaintiff is only an affirmative defense to a tort claim. R.C. 2315.32(B). In other words, while contributory fault affects the ultimate success of a plaintiff's negligence claims, it does not affect a political subdivision's immunity from liability. And again, absent an exception to the general rule that a denial of summary judgment is a not a final, appealable order, we cannot address the appellants' argument. See *Essman I*, 2009-Ohio-3367 at ¶ 10 and

14

12; *Carter*, 2008-Ohio-6308, at ¶ 8. Accordingly, we have no jurisdiction to consider the issue of contributory negligence.

**{¶ 31}** Next, appellants argue that even if R.C. 2744.02(B)(1) generally applies, they have a full defense to liability under subsection (c) of that statute. And they claim that even if we reject that argument, we should apply R.C. 2744.03(A)(3) to reinstate immunity. However, appellants did not make either of these arguments in their motion for summary judgment. In their motion, appellants simply argued that Keaton did not drive negligently, so R.C. 2744.02(B)(1) did not apply. We will not address these issues for the first time on appeal. *Ratcliff v. Darby*, Scioto App. No. 02CA2832, 2002-Ohio-6626, at ¶ 18. See *Lillie v. Meachem*, Allen App. No. 1-09-09, 2009-Ohio-4934, at ¶ 20. See also *Stratford Chase Apts. v. Columbus* (2000), 137 Ohio App.3d 29, 33, 738 N.E.2d 20 (explaining that the appellate court's independent review of a summary-judgment decision should not replace the trial court's function of initially determining the propriety of summary judgment).

### C. Keaton

**{¶ 32}** Also, in the second assignment of error, Keaton contends that he is entitled to individual immunity under R.C. Chapter 2744. "For claims against individual employees, the three-tiered analysis used to determine whether a political subdivision is immune is not used." *Lambert*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, at ¶ 10. The analysis for individual immunity appears in R.C. 2744.03(A)(6), which states:

> (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following

15

defenses or immunities may be asserted to establish nonliability:

\* \* \*

(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code.

{¶ 33} On appeal, Keaton recognizes that R.C. 2744.03(A)(6) applies to his immunity claim. However, as the Sickleses point out, Keaton did not rely on this code section in the motion for summary judgment. Instead, Keaton mistakenly argued that he was entitled to immunity under the three-tiered political-subdivision-immunity analysis. We will not consider Keaton's individual-immunity analysis for the first time on appeal. *Ratcliff*, 2002-Ohio-6626, at ¶ 18. See *Lillie*, 2009-Ohio-4934, at ¶ 20. See also *Stratford Chase Apts.*, 137 Ohio App.3d at 33, 738 N.E.2d 20. Accordingly, we reject this argument.

VI. Summary

{¶ 34} We lack jurisdiction to consider appellants' first assignment of error and therefore dismiss it. In addition, we lack jurisdiction to consider appellants' second assignment of error to the extent that it raises the issue of contributory negligence and dismiss that portion of the appeal. In all other regards, we overrule appellants' second assignment of error and affirm the trial court's judgment.

16

Judgment affirmed in part,
and appeal dismissed in part.

ABELE and MCFARLAND, JJ., concur.

_____