[Cite as *Bender v. Portsmouth*, 2013-Ohio-2023.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| GREG BENDER, | : | Case No. 12CA3491 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| CITY OF PORTSMOUTH, et al., | : | |
| | : | **RELEASED 5/13/13** |
| Defendants-Appellees. | : | |

_____

APPEARANCES:

F. Harrison Green, F. HARRISON GREEN CO., L.P.A., Cincinnati, Ohio, for appellant.

Lawrence E. Barbiere and Scott A. Sollmann, SCHROEDER, MAUNDRELL, BARBIERE & POWERS, Mason, Ohio, for appellee City of Portsmouth.
_____

Harsha, J.

{¶1}  Greg Bender filed suit against the City of Portsmouth and various John Doe defendants alleging they negligently maintained an alley and water meter cover, causing him to fall and sustain injuries.  He appeals the trial court's decision to grant summary judgment to the City and contends the court erred when it found the City was immune from his claim under R.C. Chapter 2744.  He implicitly concedes that the City qualifies for R.C. 2744.02(A)(1)'s general grant of immunity but argues that the exception to immunity in R.C. 2744.02(B)(4) applies.  The City argues in part that the exception does not apply because there is no evidence Bender's injury occurred on and was due to a physical defect on the grounds of a building used in connection with a governmental function.  We agree.  Bender submitted no summary judgment evidence to establish this.  To the contrary, at his deposition, Bender testified the injury happened in an alley between a barber shop/parking lot and the former location of a house

demolished by the City.

**{¶2}** In his reply brief, Bender claims for the first time that the immunity exception in R.C. 2744.02(B)(3) applies. However, we will not address an argument made for the first time on appeal in a reply brief, particularly when the City specifically argued in its motion for summary judgment that R.C. 2744.02(B)(3) did not apply and Bender ignored the argument in his memorandum contra.

**{¶3}** Accordingly, the City is entitled to immunity as a matter of law. This conclusion renders Bender's other arguments moot so we do not address them.

## I. Facts

**{¶4}** Bender filed a complaint against the City, "John Doe" property owner, and "John Doe" City worker, alleging they were "in possession [of], had control [of], and maintained an alley and water meter cover at or near 1219 McConnell Avenue, Portsmouth, Ohio." He claimed they had a duty to keep the "alleyway in good and safe repair and condition" but breached that duty by permitting a "cover to a water meter to exist in an unsafe condition." As a result, he claimed he fell and suffered injuries. In an amended complaint, he added "John Doe" contractor as a defendant and made the same allegations against this defendant.

**{¶5}** The City filed a motion for summary judgment alleging that it was immune from Bender's claims under R.C. 2744.02(A)(1) and that the only exception that arguably applied – R.C. 2744.02(B)(3) – did not apply in this case. Alternatively, the City argued that Bender's claims failed on the merits for various reasons. In his memorandum contra, Bender argued that the exception to immunity in R.C. 2744.02(B)(4) applied and that genuine issues of material fact existed regarding the

merits of his negligence claim.  In its reply, the City noted that Bender failed to dispute

its contention that the immunity exception in R.C. 2744.02(B)(3) did not apply.  The City

also argued that R.C. 2744.02(B)(4) did not apply as Bender contended.

{¶6}     The trial court found that Bender failed to exercise ordinary care and that

the City was not negligent in creating the condition that led to the creation of the hole

Bender fell into.  The court acknowledged Bender's R.C. 2744.02(B)(4) argument but

found that although the City had to maintain waterlines and meters as a proprietary

function, it was immune from liability under the facts.  After the court granted the City's

motion for summary judgment and dismissed the complaint, this appeal followed.

Bender only appeals the dismissal of his claims against the City, not the dismissal of his

claims against the various "John Doe" defendants.

## II.  Assignments of Error

{¶7}     Bender assigns two errors for our review:

I.       The Trial Court Erred in Granting Defendant[']s Motion for
         Summary Judgment As There Are Material Facts And Controversy
         And More Than One Conclusion Can Be Reached Upon Those
         Facts.

II.      The Trial Court Failed To Properly Apply The Exceptions To
         Immunity For A Municipality Under Ohio Revised Code Chapter
         2744.

## III.  Standard of Review

{¶8}     When reviewing a trial court's decision on a motion for summary

judgment, we conduct a de novo review governed by the standard set forth in Civ.R. 56.

*Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.  Summary

judgment is appropriate when the movant has established: 1.) there is no genuine issue

of material fact; 2.) reasonable minds can come to but one conclusion, and that

conclusion is adverse to the nonmoving party, with the evidence against that party being construed most strongly in its favor; and 3.) the moving party is entitled to judgment as a matter of law. *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978) (per curiam). *See* Civ.R. 56(C).

{¶9}    The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate the non-moving party has no evidence to support the non-moving party's claims. Civ.R. 56(C). *See Hansen v. Wal-Mart Stores, Inc.*, 4th Dist. No. 07CA2990, 2008-Ohio-2477, ¶ 8. Once the movant supports the motion with appropriate evidentiary materials, the non-moving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." *Id.*

IV.  The City is Immune from Bender's Claim

{¶10} Because it is dispositive of this appeal, we address Bender's second assignment of error initially. Bender contends the trial court failed to properly apply the exceptions to immunity for a municipality under R.C. Chapter 2744. This Chapter "addresses when political subdivisions, their departments and agencies, and their

employees are immune from liability for their actions." *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, ¶ 8. "The issue of whether a political subdivision is entitled to immunity from state-law claims under R.C. Chapter 2744 presents a question of law that we review de novo." *Sickles v. Jackson Cty. Hwy. Dept.*, 196 Ohio App.3d 703, 2011-Ohio-6102, 965 N.E.2d 330, ¶ 18 (4th Dist.).

{¶11} Determining whether a political subdivision is immune from liability under R.C. 2744.02 involves a three-tiered analysis. *Lambert* at ¶ 8. The first tier, R.C. 2744.02(A)(1), provides a general grant of immunity, stating in part that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." The second tier in the analysis focuses on the five exceptions listed in R.C. 2744.02(B) to the general grant of immunity. *Lambert* at ¶ 9. If any of the exceptions to immunity apply, thereby exposing the political subdivision to liability, the third tier of the analysis assesses whether any of the defenses to liability in R.C. 2744.03 apply to reinstate immunity. *Id.*

{¶12} Bender does not dispute the City's contention that it qualifies for R.C. 2744.02(A)(1)'s general grant of immunity in this case. Therefore, the burden shifts to him to demonstrate the existence of one of the exceptions in R.C. 2744.02(B). *See Summerville v. City of Columbus*, 10th Dist. No. 04AP-1288, 2005-Ohio-5158, ¶ 17. In his appellate brief, Bender relies upon R.C. 2744.02(B)(4), which provides:

> (B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a

governmental or proprietary function, as follows:

* * *

(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

{¶13} The City argues that Bender submitted no summary judgment evidence to show that his injury occurred within or on the grounds of, and was due to a physical defect within or on the grounds of, a building used in connection with the performance of a governmental function. We agree. In his appellate brief, Bender actually makes no argument about this issue and instead focuses on whether maintenance of a water meter pit and alley constitute a proprietary function. Moreover, at his deposition, Bender testified the injury happened in an alley between a barber shop/parking lot and the former location of a house demolished by the City. He never claimed or produced any evidence that this area constituted the grounds of a building used in connection with the performance of a governmental function. Therefore, the court correctly rejected his contention that R.C. 2744.02(B)(4) applies.

{¶14} In his reply brief, Bender argues for the first time that the exception in R.C. 2744.02(B)(3) applies in this case. However, we will not address an argument made for the first time on appeal in a reply brief, particularly when the City specifically argued in its motion for summary judgment that R.C. 2744.02(B)(3) did not apply and Bender ignored that argument in his memorandum contra. *See Sickles*, 196 Ohio App.3d 703, 2011-Ohio-6102, 965 N.E.2d 330, at ¶ 33 (refusing to consider an immunity argument

raised for the first time on appeal); *State ex rel. Dewine v. Ashworth*, 4th Dist. No. 11CA16, 2012-Ohio-5632, ¶ 19, fn. 2 (explaining that an appellant cannot raise a new argument in a reply brief).

{¶15} Accordingly, we conclude the City was entitled to judgment as a matter of law on the basis of political subdivision immunity, and we overrule the second assignment of error.

{¶16} Because the court could properly dismiss Bender's claim against the City based on the immunity finding alone, our decision renders Bender's first assignment of error moot and we need not address it. *See* App.R. 12(A)(1)(c).

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & *Tyack, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
       William H. Harsha, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**


*G. Gary Tyack from the Tenth Appellate District, sitting by assignment of the Supreme Court of Ohio in the Fourth Appellate District.