[Cite as *Lane v. Greater Cleveland R.T.A.*, 2014-Ohio-3917.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 100829

---

## SHI'DEA LANE

PLAINTIFF-APPELLANT

vs.

## GREATER CLEVELAND R.T.A., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-803061

**BEFORE:** Boyle, A.J., Jones, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 11, 2014

**ATTORNEYS FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio    44113

Dale R. Friedland
Rapoport Spitz Friedland & Courtney
55 Public Square, #1750
Cleveland, Ohio    44113

**ATTORNEYS FOR APPELLEES**

**For Greater Cleveland Regional Transit Authority**

Kathleen M. Minahan
Greater Cleveland Regional Transit Authority
6th Floor Root-McBride Building
1240 West 6th Street
Cleveland, Ohio    44113

**For Artis Hughes**

John A. Sivinski
Sivinski & Smith, L.L.C.
8905 Lake Avenue, 4th Floor
Cleveland, Ohio    44102

MARY J. BOYLE, A.J.:

{¶1} Plaintiff-appellant, Shi'Dea Lane, appeals the trial court's judgment dismissing her complaint against defendant-appellee, Greater Cleveland Regional Transit Authority ("GCRTA"). She raises one assignment of error for our review, namely that "[t]he trial court erred to the prejudice of plaintiff in granting the motion of defendant [GCRTA's] to dismiss plaintiff's complaint." Finding no merit to her appeal, we affirm.

## Procedural History and Factual Background

{¶2} In Lane's amended complaint, she alleges that on September 18, 2012, she boarded a GCRTA bus that was driven by defendant Artis Hughes, an employee of GCRTA. She claims that upon boarding the bus, she "told the bus driver that she needed a moment to get the money from her pocket which caused driver Artis Hughes, for no reason whatsoever, to say, 'Ho, you ain't got no money, you're just a ratched [sic] bitch." Lane paid her fare and began to verbally argue with Hughes.

{¶3} Lane claims that the verbal altercation turned physical when Hughes pushed her with his elbow, and she responded by pushing him back. After that, Lane alleges that while the bus was stopped, Hughes "got out of his seat, wantonly, willfully, and recklessly approached [her] and struck her in the face, kicked and chocked [sic] her, and physically assaulted her by throwing her off the bus causing approximately [$50,000] in needed dental work together with pain and suffering."

**{¶4}** Lane brought claims against Hughes and GCRTA, alleging that Hughes caused her injury "within the course and scope of his employment," and that GCRTA negligently hired and trained Hughes.

**{¶5}** Hughes answered Lane's complaint, filed counterclaims against Lane for assault and battery, and filed cross-claims against GCRTA for contribution and/or indemnification.

**{¶6}** GCRTA moved to dismiss Lane's amended complaint, arguing that it was statutorily immune from liability. GCRTA also moved to dismiss Hughes's cross-claims. The trial court granted both of GCRTA's motions.

**{¶7}** After the trial court dismissed GCRTA from the case, Lane filed a pleading that was captioned: "Rule 41 Motion to Dismiss Artis Hughes." Within the body of her motion, Lane stated, "[p]ursuant to Rule 41, plaintiff voluntarily dismisses this matter without prejudice."

**{¶8}** Subsequent to Lane's motion to dismiss, Hughes filed a pleading that was captioned: "Rule 41 Motion to Dismiss Artis Hughes." Within the body of his motion, Hughes stated, "[p]ursuant to Rule 41, defendant Artis Hughes voluntarily dismisses all his claims in this matter without prejudice."

**{¶9}** On December 12, 2013, the trial court issued a journal entry stating, "plaintiff Shi'Dea Lane's Rule 41 mtn to dismiss complaint against defendant Artis Hughes, filed 12/10/2013, is granted." The trial court also issued an entry granting Hughes's motion to dismiss.

{¶10} Because all claims have been disposed of at the trial court level, Lane can now appeal the trial court's dismissal of GCRTA based upon political subdivision immunity grounds.

Standard of Review

{¶11} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991), citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶12} While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 324, 544 N.E.2d 639 (1989). In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union, Inc*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶13} Further, whether a political subdivision is immune from liability is a question of law, which we review de novo. *Conley v. Shearer*, 64 Ohio St.3d 284, 292, 595 N.E.2d 862 (1992); *Sickles v. Jackson Cty. Hwy. Dept.*, 196 Ohio App.3d 703, 2011-Ohio-6102, 965 N.E.2d 330, ¶ 18 (4th Dist.).

## Political Subdivision Immunity

{¶14} The Ohio Supreme Court set forth a three-tiered analysis to determine whether a political subdivision is immune from tort liability: the first tier is to establish immunity under R.C. 2744.02(A)(1); the second tier is to analyze whether any of the exceptions to immunity under R.C. 2744.02(B) apply; if so, then under the third tier, the political subdivision has the burden of showing that one of the defenses of R.C. 2744.03 applies. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998); *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 10-12. If a defense applies, then immunity is reinstated. *Id.*

{¶15} R.C. 2744.02(A)(1) provides the general grant of immunity as follows: "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

{¶16} R.C. 2744.02(B) lists five exceptions to the general immunity granted to political subdivisions. *See Ryll v. Columbus Fireworks Display Co.*, 95 Ohio St.3d 467, 470, 2002-Ohio-2584, 769 N.E.2d 372, ¶ 25. Under this section, political subdivisions

are liable for injury to a person for any of the following: (1) negligent operation of a motor vehicle by their employees when the employees are engaged within the scope of their employment and authority; (2) negligent performance of acts of their employees with respect to a proprietary function; (3) negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads; (4) negligence of employees in connection with physical defects within or on the grounds of public buildings that are used for governmental functions; or (5) civil liability is expressly imposed by another section of the Revised Code.

{¶17} If one of the exceptions to immunity applies, then the political subdivision must show that it is entitled to one of the defenses to liability set forth in R.C. 2744.03.

{¶18} Lane argues that the trial court erred in dismissing her complaint against GCRTA because GCRTA is a common carrier. Lane argues that under law established "almost a century ago," GCRTA, as a common carrier, had a duty to protect her from intentional torts committed by its agents when the agents are "engaged in the serving [their] principal." The cases cited by Lane are inapplicable here. As the Supreme Court pointed out, "only cases that are pertinent for discussion on political subdivision tort liability are those which interpret R.C. Chapter 2744." *Butler v. Jordan*, 92 Ohio St.3d 354, 367, 750 N.E.2d 554 (2001).

{¶19} As relevant to this case, a "proprietary function includes the establishment, maintenance, and operation of a bus line or other transit company." R.C. 2744.01(G)(2)(c). Because Lane alleged that GCRTA is liable for her injuries for

negligently hiring and training Hughes, GCRTA assumed for the sake of argument that the exception to liability under R.C. 2744.02(B)(2) applied (negligent performance of acts of their employees with respect to a proprietary function).

{¶20} GCRTA argued, however, that under R.C. 2744.03, it had a defense to liability that reinstated immunity. Specifically, GCRTA contends that it is entitled to immunity from claims of negligent hiring and training because the defense under R.C. 2744.03(A)(5) applies. This section provides:

> The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶21} We agree with GCRTA that the defense in R.C. 2744.03(A)(5) applies to shield it from liability. *See Scott v. Dennis*, 8th Dist. Cuyahoga No. 94685, 2011-Ohio-12. In *Scott*, the plaintiff alleged in her complaint that while enrolled in a class at Cuyahoga County Community College ("Tri-C"), the professor of the class, Michael Dennis, "supplied false information to [her] in order to deceive her and induce her to purchase property" and he "fraudulently and negligently misrepresented the nature and value of CD-ROMs" that he sold to her. The plaintiff brought claims against Dennis and Tri-C. With respect to Tri-C, plaintiff alleged that it negligently hired and supervised Dennis. In concluding that Tri-C was entitled to immunity, we explained:

> This court has already found that this defense applies in the context of torts arising out of the hiring and supervision of a political subdivision's employees. *See Daniel v. Cleveland Metro. School Dist.*, 8th Dist. No.

83541, 2004-Ohio-4632. Scott does not allege that Tri-C acted with malicious purpose or in bad faith, or that it acted recklessly or wantonly in hiring or retaining Dennis. Instead, she alleged that she would not have been injured but for "Tri-C's negligence in hiring, supervising, and retaining Defendant Michael Dennis."

*Id.* at ¶ 24.

**{¶22}** We find *Scott* to be analogous to the facts here. Accordingly, we conclude that Lane's complaint, which alleged that GCRTA negligently hired and trained Hughes, fails to allege sufficient facts to negate the immunity defense contained in R.C. 2744.03(A)(5).

**{¶23}** We note that at oral argument, Lane argued that the "exception to immunity rule" under *Vacha v. N. Ridgeville*, 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, applied in this case. First, Lane did not cite to this case in her brief. Second, this case is completely inapplicable to the facts here. In *Vacha*, the Ohio Supreme Court addressed the issue of "whether R.C. 2744.09(B), an exception to political-subdivision immunity from tort liability, applies to employer-intentional-tort claims [filed] by a political subdivision's employee." *Id.* at ¶ 1. Lane is not an employee of RTA.

**{¶24}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
EILEEN A. GALLAGHER, J., CONCUR