[Cite as *Lane v. Greater Cleveland Regional Transit Auth.*, 2014-Ohio-4811.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100868**

**SHI'DEA LANE**

PLAINTIFF-APPELLEE

vs.

**G.C.R.T.A., ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-803061

**BEFORE:** Jones, J., Boyle, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

**ATTORNEYS FOR APPELLANT**

John A. Sivinski
David Mullen
Brian J. Smith
Sivinski & Smith, L.L.C.
8905 Lake Avenue, 4th Floor
Cleveland, Ohio 44102


**ATTORNEYS FOR APPELLEES**

**For Shi'Dea Lane**

Dale R. Friedland
Rapoport Spitz Friedland & Courtney
55 Public Square, #1750
Cleveland, Ohio 44113

**For G.C.R.T.A.**

Kathleen M. Minahan
Greater Cleveland R.T.A.
6 th Floor Root-McBride Building
1240 West 6th Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Artis Hughes, appeals the trial court's dismissal of his cross-claim against defendant-appellee, Greater Cleveland Regional Transit Authority ("GCRTA"). We affirm.

{¶2} In 2012, Shi'Dea Lane filed a complaint against GCRTA and Hughes in connection with an incident aboard a GCRTA bus that Hughes was driving.

{¶3} Hughes filed counterclaims against Lane for assault and battery and filed cross-claims against GCRTA for contribution or indemnification. In his cross-claim, which is the subject of this appeal, Hughes alleged that GCRTA was negligent in its failure to protect him from, and train him how to handle, hostile and unruly passengers like Lane.

{¶4} GCRTA filed a motion to dismiss Lane's complaint and Hughes's cross-claim. In GCRTA's motion to dismiss the cross-claim, it argued that Hughes's claim for indemnification was not properly pled, he was not entitled to contribution from GCRTA because he was an intentional tortfeasor, and GCRTA was immune from liability for any alleged negligent failure to train and protect Hughes. The trial court subsequently found that GCRTA was immune from liability, granted both motions, and dismissed Lane's complaint and Hughes's cross-claims. Lane then dismissed her remaining claims against Hughes and Hughes dismissed his counterclaim against Lane.

{¶5} Hughes filed a timely notice of appeal. Lane also appealed the trial court's decision to dismiss her complaint against GCRTA, which we recently affirmed, agreeing with the trial court that GCRTA was statutorily immune from liability. *Lane v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 100829, 2014-Ohio-3917.

**{¶6}** Here, Hughes raises the following three assignments of error, which will be combined for review:

[I.] The trial court erred by granting defendant GCRTA's motion to dismiss appellant's cross-claim.

[II.] The trial court erred by concluding that defendant GCRTA was entitled to immunity per R.C. 2744.03(A)(5).

[III.] The trial court erred by not making a determination as to whether appellant's cross-claim had a causal connection or causal relationship to his employment relationship with defendant GCRTA.

## II. Law and Analysis

**{¶7}** This court applies a de novo standard of review when reviewing a trial court's ruling on a Civ.R.12(B)(6) motion to dismiss for failure to state a claim. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. Cuyahoga No. 85467, 2005-Ohio-5985, ¶ 13.

**{¶8}** Pursuant to Civ.R. 12(B)(6), a complaint is not subject to dismissal for failure to state a claim upon which relief may be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975). Therefore, "[a]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

**{¶9}** In resolving a Civ.R. 12(B)(6) motion, a court's factual review is confined to the four corners of the complaint. *Grady v. Lenders Interactive Servs.*, 8th Dist. Cuyahoga No. 83966, 2004-Ohio-4239, ¶ 6. Within those confines, a court accepts as true all material allegations of the complaint and makes all reasonable inferences in favor of the nonmoving party. *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 653 N.E.2d 1186 (1995). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York* at *id*.

**{¶10}** GCRTA is a political subdivision of the state of Ohio, created pursuant to R.C. 306.31 et seq. *Drexler v. Greater Cleveland Regional Transit Auth.*, 80 Ohio App.3d 367, 609 N.E.2d 231 (8th Dist.1992). R.C. Chapter 2744 sets forth a three-tiered analysis for determining whether governmental immunity applies to a political subdivision. *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556-557, 733 N.E.2d 1141 (2000). First, the court must determine whether the entity claiming immunity is a political subdivision and whether the alleged harm occurred in connection with either a governmental or proprietary function. *Id.*; R.C. 2744.02(A)(1). Under R.C. 2744.02(A)(1), a political subdivision is generally "not liable for damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function."

**{¶11}** The second tier of the analysis requires the court to determine whether any of the five exceptions to immunity enumerated in R.C. 2744.02(B) apply to reinstate liability to the political subdivision. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998). If the court finds any of the R.C. 2744.02(B) exceptions applicable, and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires the court

to determine whether any of the defenses set forth in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 9.

{¶12} The question of whether a governmental employee or political subdivision is entitled to this statutory immunity is a question of law for the court to decide. *Conley v. Shearer*, 64 Ohio St.3d 284, 291, 595 N.E.2d 862 (1992); *Feitshans v. Darke Cty.*, 116 Ohio App.3d 14, 19, 686 N.E.2d 536 (2d Dist.1996).

{¶13} Hughes argues that the trial court erred in dismissing his cross-claim based on its determination that GCRTA was immune from suit. Hughes relies on R.C. 2744.09(B), which provides that the political subdivision immunity does not apply to:

> Civil actions by an employee, or the collective bargaining representative of an employee, against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision.

{¶14} Hughes contends that his cross-claims alleges matters that are relative to an altercation with Lane that rose out of his employment relationship with GCRTA; therefore, GCRTA cannot claim immunity from his actions. We disagree.

{¶15} R.C. 2744.09(B) provides exceptions to the immunity when the employee is the one filing suit. Here, Hughes did not bring an action against GCRTA, he did not allege that he was injured as a result of GCRTA's alleged failure to train him, and he is not seeking to recover from GCRTA directly. Instead, Hughes alleged that if he is held liable for Lane's injuries, then he should be entitled to recover from or be indemnified by GCRTA. Cross-claim at ¶ 30. Therefore, R.C. 2744.09(B) does not apply.

{¶16} The core of Hughes's allegations were that GCRTA was negligent in personnel

matters or his training. These allegations are similar to those in Lane's complaint. Because both Lane and Hughes alleged that GCRTA is liable for any injuries Lane suffered for negligently hiring and training Hughes, GCRTA has assumed in both cases, for the sake of argument, that the exception to liability under R.C. 2744.02(B)(2) applied (negligent performance of acts of their employees with respect to a proprietary function.) *See Lane*, 8th Dist. Cuyahoga No. 100829, 2014-Ohio-3917, at ¶ 19.

{¶17} GCRTA contends that one of the defenses to liability set forth in R.C. 2744.03 applies and, therefore, it is entitled to immunity from claims of negligent hiring and training. According to GCRTA, the following applies to reinstate its immunity:

The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

R.C. 2744.03(A)(5).

{¶18} We agree with GCRTA that R.C. 2744.03(A)(5) applies to shield it from liability in this case as it did in *Lane*. *See Lane* at ¶ 21. As with Lane, Hughes did not allege that GCRTA acted with malicious purpose, in bad faith, or in a wanton or reckless manner. Therefore, his cross-claim fails to allege sufficient facts to negate the immunity defense contained in R.C. 2744.03(A)(5). *See Lane* at *id.*, citing *Scott v. Dennis*, 8th Dist. Cuyahoga No. 94685, 2011-Ohio-12 (in lawsuit alleging negligent hiring and supervision, college was entitled to immunity because plaintiff did not allege school acted with malicious purpose or in bad faith).

{¶19} Consequently, Hughes's cross-claim fails as matter of law and the trial court did not

err in dismissing it.    The assignments of error are overruled.

{¶20} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County

Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules

of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR