OPINION
{¶ 1} Appellant, Rebecca Orebaugh, appeals a decision of the Butler County Court of Common Pleas granting summary judgment in favor of appellee, Wal-Mart Stores, Inc., on claims of liability for negligent employee conduct under the theory of respondeat superior.
 {¶ 2} On September 9, 1999, appellant was shopping in a Wal-Mart store. She determined to buy a television and a Wal-Mart employee assisted her. The Wal-Mart employee, as she was assisting appellant in loading the television into the cart, dropped the television. As a result, appellant suffered serious injuries to her right arm, shoulder, neck, *Page 2 
and back. Appellant filed a complaint in August 2001, naming as defendants Wal-Mart under a theory of respondeat superior and the employee individually as Jane Doe. Through the course of discovery, appellant learned the name of the employee. Appellant dismissed her action without prejudice in February 2003 and refiled her complaint in January 2004. At no time did appellant amend her complaint to name the employee individually.
 {¶ 3} In April 2006, appellee moved for summary judgment arguing that it could not be held vicariously liable for the negligence of its employee since the employee was not named as a defendant and the statute of limitations had expired with respect to the negligence claim as to that employee. Applying the Ohio Supreme Court decision in Comer v.Risko, 106 Ohio St.3d 185, 2005-Ohio-4559, the trial court granted summary judgment, and this appeal followed.
 {¶ 4} Appellant raises one assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR APPELLEE."
 {¶ 6} An appellate court reviews a grant of summary judgment de novo.Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Summary judgment is appropriate where, "looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party."Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286, paragraph three of the syllabus.
 {¶ 7} Ohio law regarding principal liability for actions of an agent, including those actions under the theory of respondeat superior, developed under the maxim "qui facit per alium facit per se," which has been interpreted by the Ohio Supreme Court to mean "[t]he act of the servant, done within the scope and in the exercise of his employment, is in law the act *Page 3 
of the master himself." Atlantic and Great Western Railway Co. v.Dunn (1869), 19 Ohio St. 162, 168. This rule has been recognized as "legal unity of the principal and agent." Id. The rule "is founded on public policy, the just responsibilities of persons or corporations acting through agents, and the needs of society." Massachusetts LifeInsurance Co. v. Eshelman (1876), 30 Ohio St. 647, 658-59.
 {¶ 8} As such, the traditional rule under Ohio case law has been that a third party injured by an employee acting within the scope of his employment could pursue damages against the employer under the doctrine of respondeat superior in addition to or instead of pursuing damages against the employee. For example, in Lusito v. Kruse (1940),136 Ohio St. 183, 186-87, the Ohio Supreme Court stated:
 {¶ 9} "The liability of one tort-feasor for wrongs committed solely by another arises in the following situations: * * *
 {¶ 10} "Where one as principal or master delegates a course of action to his agent or servant, who, while acting within the scope of his authority or employment as to such course of action, commits a tortious act resulting in injury to a third person. * * *
 {¶ 11} "Between them * * * there exists a primary and secondary liability [to] the injured party."
 {¶ 12} "For the wrong of a servant acting within the scope of his authority, the plaintiff has a right of action against either the master or the servant, or against both, in separate actions, as a judgment against one is no bar to an action or judgment against the other until one judgment is satisfied." (Internal citations omitted.)
 {¶ 13} The Supreme Court reiterated this rule again in Flagg v. Cityof Bedford (1966), 7 Ohio St.2d 45, 47-48, citing Lusito, when it said "[t]his court follows the rule that until the injured party receives full satisfaction, he may sue either the servant, who is primarily liable, or the master, who is secondarily liable, and a mere judgment obtained against the former is *Page 4 
not a bar to an action or judgment against the latter."
 {¶ 14} This rule had been applied by courts of appeals in Ohio, as well. The Sixth District Court of Appeals applied the rule inBillings v. Falkenburg (Sept. 5, 1986), Lucas App. No. L-86-017,1986 WL 9582 at *2, explaining respondeat superior as follows:
 {¶ 15} "Under this time honored doctrine, an employer may be held fully liable for the negligent acts of the employee when said acts are done within the scope of his employment; the liability is thereby imputed to the employer. * * * Indeed, the injured party is free to seek full relief from either the employee or the employer at the injured party's option. Thus, in the event that the injured third party seeks to recover from the employer, all he need do is prove that the employee was negligent and that the employee was acting within the scope of employment. There is no requirement that the employee be named as a party to the suit in order to prove his negligent acts." (Internal citations omitted.)
 {¶ 16} However, in the recent case Comer v. Risko,106 Ohio St.3d at 191, 2005-Ohio-4559, ¶ 28, the Ohio Supreme Court held that "agency by estoppel is a derivative claim of vicarious liability whereby the liability of the hospital must flow through the independent-contractor physician. Consequently, there can be no viable claim for agency by estoppel if the statute of limitations against the independent contractor physician has expired." The court expressly limited its holding to the issue of whether "a viable claim exists against a hospital under a theory of agency by estoppel for the negligence of an independent contractor physician when the physician cannot be made a party because the statute of limitations has expired." Id. at ¶ 1. The court went on to state that "a direct claim against a hospital premised solely upon negligence of an agent who cannot be found liable is contrary to basic agency law." Id. at ¶ 25.
 {¶ 17} Appellee encourages us to affirm the trial court's decision to extend the holding of Comer to apply to cases of respondeat superior. Appellee argues that, although its *Page 5 
holding was narrowly limited, the court's reasoning in Comer was couched broadly in terms of basic agency principles. The trial court found the reasoning of the Supreme Court in Comer to be compelling on the issue, noting that "it would be counterintuitive to apply this standard in cases where agency is imputed as a matter of law but not where an actual agency-principal relationship exists as a matter of law." For the reasons discussed below, we disagree with the trial court and decline to extend the reasoning of Comer to cases involving liability under the theory of respondeat superior.
 {¶ 18} Agency by estoppel is an equitable principle in which a party is "estopped to insist upon a claim or take a position which is inconsistent with an admission or denial of a fact which he has previously made or with a course of conduct in reliance upon which the other party changed his position to his detriment or prejudice." CSXTransportation, Inc. v. First National Bank of Grayson
(Ky.App.1999), 14 S.W.3d 563, 568, quoting Hicks v. Combs (1949), 311 Ky. 149, 152, 223 S.W.2d 279; see, also, Golden Rule Publishers v.Edwards (Ky.App., Oct. 15, 2004), 2004 WL 2315272. The Ohio Supreme Court implicitly acknowledged the equitable nature of the agency by estoppel claim when it required in Albain v. Flower Hospital (1990),50 Ohio St.3d 251, as expanded by Clark v. Southview Hospital FamilyHealth Center, 68 Ohio St.3d 435, 1994-Ohio-519, the elements of representation and reliance. This is distinctly different from a respondeat superior claim, where the master is considered in law to have committed the act. See Dunn, 19 Ohio St. at 168.
 {¶ 19} Because of this distinction, the concerns addressed by the Ohio Supreme Court in Comer are not present in the case at bar. InComer, the Ohio Supreme Court was concerned that the appellate court, in allowing a claim to proceed against a hospital on the theory of agency by estoppel after the statute of limitations had run against the independent contractor physician, created independent liability where none had existed before. Comer at ¶ 17. The court cited agency by estoppel cases in support of this proposition. Id. However, *Page 6 
as discussed above, respondeat superior developed as a direct claim against an employer and treated the employer as having committed the tort. Dunn at 168.
 {¶ 20} In addition, at least one Ohio appellate court has distinguished Comer on the basis of its limited holding. The Eighth District Court of Appeals in Miller ex rel. Doros v. Marymount Hospital,Inc., Cuyahoga App. No. 88106, 2007-Ohio-1140, ¶ 20, distinguished the case as follows: "Comer specifically addresses the liability of physicians, rather than nurses, as in the present case. Nurses and physicians are distinctly different for purposes of vicarious liability." Refusing to apply Comer in the employee-employer setting, the court concluded that "[b]ecause the Comer decision addresses the liability of physicians, rather than nurses, it does not apply in this case." Id. at ¶ 22. We agree with the Eighth District Court of Appeals on this matter.
 {¶ 21} Finally, we note that appellee's interpretation ofComer as extending to all agency relationships would overturn the extensive case law in Ohio on the issue of respondeat superior, master-servant liability, and agency liability in general. Indeed, such an extension would overturn cases cited by Comer itself. Had the Ohio Supreme Court intended to upset this well-settled area of the law, we believe it would have acknowledged the effects of its holding inComer. Instead, the court stated explicitly that its holding was limited to the narrow issue before it, whether "a viable claim exists against a hospital under a theory of agency by estoppel for the negligence of an independent-contractor physician when the physician cannot be made a party because the statute of limitations has expired." Comer at ¶ 1.
 {¶ 22} For the foregoing reasons, we find that the trial court improperly extended the holding of Comer to liability under the theory of respondeat superior. Appellant's sole assignment of error is sustained. Accordingly, we reverse the trial court's decision and remand the matter to the trial court for further proceedings according to law and consistent *Page 7 
with this opinion.
 {¶ 23} YOUNG, P.J. and WALSH, J., concur. *Page 1