OPINION
{¶ 1} Plaintiff-appellant Robert Holland ("Holland") brings this appeal from the judgment of the Court of Common Pleas of Shelby County granting summary judgment to defendants-appellees Bob Evans Farms, Inc., et al. ("Bob Evans"). For the reasons discussed below, the judgment is reversed.
 {¶ 2} On October 25, 2002, Holland went to Bob Evans for dinner. While following the hostess, he tripped over a server kneeling at a booth he was passing. As a result, Holland fell and suffered injury. Holland filed a complaint on October 22, 2004. He included several John Doe Defendants including the unknown waiter. Bob Evans filed an answer and identified the unknown waiter as Michael Coronati ("Coronati"). On February 16, 2006, Holland voluntarily dismissed the case.
 {¶ 3} The case was refiled on January 31, 2007, with the waiter still identified as "John Doe." On February 20, 2007, Bob Evans filed its answer and raised the affirmative defense of statute of limitations. Bob Evans filed a motion for summary judgment on May 3, 2007. As part of the motion, Bob Evans claimed that Holland had failed to name or serve Coronati as required by the civil rules. Bob Evans claimed that this failure resulted in the statute of limitations passing for Coronati. Since the statute of limitations prohibited any claim against Coronati, Bob Evans claimed that it was no longer liable under the doctrine of *Page 3 
respondeat superior. On October 19, 2007, the trial court granted Bob Evans' motion for summary judgment based upon the affirmative defense of the statute of limitations. Holland appeals from this judgment and raises the following assignments of error.
 First Assignment of Error The trial court erred when it misapplied the Ohio Supreme Court's decision in Comer v. Risko, 106 Ohio St.3d 185 and as a result sustained [Bob Evans'] motion for summary judgment ruling that Comer abrogated the common law principle of master-servant responsibility in this case.
 Second Assignment of Error The trial court erred when it misapplied the Ohio Supreme Court's decision in Comer v. Risko, 106 Ohio St.3d 185 and as a result sustained [Bob Evans'] motion for summary judgment ruling that under the doctrine of respondeat superior, the employee's torts are not torts of the employer and that [Holland] may not maintain his action against [Bob Evans] without having sued its employee in this case.
 Third Assignment of Error The trial court erred when it misapplied the Ohio Supreme Court's decision in Comer v. Risko, 106 Ohio St.3d 185 and as a result sustained [Bob Evans'] motion for summary judgment in light of the Ohio Supreme Court's most recent decision of Harris v. Mt. Sinai Medical Center * * * which clarified that Comer does not apply to respondeat superior.
 Fourth Assignment of Error The trial court erred in denying [Holland] his right to present his claims against [Bob Evans] in that [Bob Evans] independently acted negligently by acts of commission and *Page 4 omission including, but not limited to, failure to exercise due care for the safety and protection of [Holland], a business invitee, failure to train its personnel to afford a safe walkway for business invitees on its premises, and failure to warn [Holland] of the dangerous condition thus created, said negligence directly and proximately resulting in the damages claimed in this case.
 {¶ 4} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issues as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo.Franks, supra.
 {¶ 5} In assignments of error one, two, and three, Holland alleges that the trial court misapplied the Supreme Court's holding in Comer v.Risko. 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712. InComer, the Ohio Supreme Court held as follows.
 [A]gency by estoppel is a derivative claim of vicarious liability whereby the liability of the hospital must flow through the independent-contractor physician. Consequently, there can be *Page 5 no viable claim for agency by estoppel if the statute of limitations against the independent-contractor physician has expired.
Id. at ¶ 29. There is no debate that Holland failed to timely name Coronati as a defendant once his identity was known. Pursuant to the Civil Rules, the failure to amend the complaint means that the statute of limitations is not tolled. Thus, Coronati can no longer be held liable for the injuries. The trial court determined that since Coronati can no longer be held liable, under the ruling in Comer Bob Evans cannot be held liable either and granted the motion for summary judgment. The question before this court is thus whether the holding in Comer which applies to the doctrine of agency by estoppel also applies to the doctrine of respondeat superior. For the following reasons, the answer is no.
 {¶ 6} The argument raised by Bob Evans was also raised by the defendant in Doros v. Marymount Hospital, Inc. et al., 8th Dist. No. 88106, 2007-Ohio-1140. In Doros, the plaintiff represented the estate of a man who died while at Marymount Hospital. The estate filed a complaint for negligence and wrongful death against the hospital and various John Doe defendants representing the agents of the hospital, including a nurse. The hospital subsequently filed a motion for summary judgment. The trial court granted the motion holding that the hospital could not be vicariously liable for the actions of the nurse when the estate *Page 6 
failed to assert a timely claim against the nurse. On appeal, the court of appeals addressed Comer as follows.
 It is clear that the law in Comer precludes a plaintiff from holding a hospital vicariously liable in a medical malpractice action when it cannot hold the attending physician primarily liable. However, Comer specifically addresses the liability of physicians, rather than nurses, as in the present case. Nurses and physicians are distinctly different for purposes of vicarious liability. While physicians essentially serve as independent contractors, retaining primary control over their own actions and practices within a hospital setting, nurses do not share such autonomy. Nurses are subject to the control of the hospital, they are not free to choose their patients, and patients are not free to choose their nurses. In addition, nurses must adhere to hospital guidelines, may be hired or fired at the hospital's discretion, and are under the direct supervision of hospital administration. This applies whether the nurse is employed directly by the hospital or through a staffing agency, * * *.
Doros, supra at ¶ 20. The appellate court reversed the judgment of the trial court finding that the Comer decision does not apply when the principal is acting as an employer and the agent is acting as an employee.
 {¶ 7} In the motion for summary judgment, Bob Evans relies upon the interpretation of Comer by a trial court in Orebaugh v. Wal-Mart Stores,Inc. et al. (July 26, 2006), Butler C.P. No. CV2004-01-0014, which held that the limitations of Comer applied to the employer/employee relationship as well as independent contractors. This case was appealed to the Twelfth District Court of Appeals and a judgment reversing the trial court was issued on September 24, *Page 7 
2007. Orebaugh v. Wal-Mart Stores, Inc. et al., 12th
Dist. No. CA2006-08-185, 2007-Ohio-4969. In reaching its judgment, the court held as follows.
 Ohio law regarding principal liability for actions of an agent, including those actions under the theory of respondeat superior, developed under the maxim "qui facit per alium facit per se," which has been interpreted by the Ohio Supreme Court to mean "[t]he act of the servant, done within the scope and in the exercise of his employment, is in law the act of the master himself." * * * This rule has been recognized as "legal unity of the principal and agent." * * * The rule "is founded on public policy, the just responsibilities of persons or corporations acting through agents, and the needs of society." * * *
 As such, the traditional rule under Ohio case law has been that a third party injured by an employee acting within the scope of his employment could pursue damages against the employer under the doctrine of respondeat superior in addition to or instead of pursuing damages against the employee. For example, in Lusito v. Kruse (1940), 136 Ohio St. 183, 186-87, the Ohio Supreme Court stated:
 * * *
 "For the wrong of a servant acting within the scope of his authority, the plaintiff has a right of action against either the master or the servant, or against both, in separate actions, as a judgment against one is no bar to an action or judgment against the other until one judgment is satisfied."
Orebaugh, supra at ¶ 7-12 (citations omitted). The court noted that the rule had been reiterated by the Ohio Supreme Court and other districts.
 {¶ 8} The court then went on to analyze the effect of theComer case to this rule. *Page 8 
 However, in the recent case [Comer], the Ohio Supreme Court held that "agency by estoppel is a derivative claim of vicarious liability whereby the liability of the hospital must flow through the independent-contractor physician. Consequently, there can be no viable claim for agency by estoppel if the statute of limitations against the independent contractor has expired. * * *
 Appellee encourages us to affirm the trial court's decision to extend the holding of Comer to apply to cases of respondeat superior. * * * For the reasons discussed below, we disagree with the trial court and decline to extend the reasoning of Comer to cases involving liability under the theory of respondeat superior.
 Agency by estoppel is an equitable principle in which a party is "estopped to insist upon a claim or take a position which is inconsistent with an admission or denial of a fact which he has previously made or with a course of conduct in reliance upon which the other party changed his position to his detriment or prejudice." * * * The Ohio Supreme Court implicitly acknowledged the equitable nature of the agency by estoppel claim when it required in Albain v. Flower Hospital (1990), 50 Ohio St.3d 251 * * * the elements of representation and reliance. This is distinctly different from a respondeat superior claim, where the master is considered in law to have committed the act. * * *
 Because of this distinction, the concerns addressed by the Ohio Supreme Court in Comer are not present in the case at bar. In Comer, the Ohio Supreme Court was concerned that the appellate court, in allowing a claim to proceed against a hospital on the theory of agency by estoppel after the statute of limitations had run against the independent contractor physician, created independent liability where none had existed before. * * * The court cited agency by estoppel cases in support of this proposition. * * * However, as discussed above, respondeat superior developed as a direct claim against an employer and treated the employer as having committed the *Page 9 
 * * *
 Finally, we note that appellee's interpretation of Comer as extending to all agency relationships would overturn the extensive case law in Ohio on the issue of respondeat superior, master-servant liability, and agency liability in general. Indeed, such an extension would overturn cases cited by Comer itself. Had the Ohio Supreme Court intended to upset this well-settled area of the law, we believe it would have acknowledged the effects of its holding in Comer. Instead, the court stated explicitly that its holding was limited to the narrow issue before it, whether "a viable claim exists against a hospital under a theory of agency by estoppel for the negligence of an independent-contractor physician when the physician cannot be made a party because the statute of limitations has expired."
Orebaugh, supra at ¶ 16-21.
 {¶ 9} Finally, on October 25, 2007, the Ohio Supreme Court addressed the application of Comer in Harris v. Mt. Sinai Medical Center, etal., 116 Ohio St.3d 139, 2007-Ohio-5587, 876 N.E.2d 1201. InHarris, the plaintiff sued the doctor, his employer, and the hospital. The plaintiff did not bring suit against the anesthesiologist. At trial, the plaintiff produced evidence of possible negligence by the anesthesiologist to prove the liability of the hospital. Mt. Sinai filed a motion for judgment not withstanding the verdict claiming that, pursuant to Comer, since the plaintiff did not join the anesthesiologist, the evidence of his possible negligence cannot be used against Mt. Sinai. The Supreme Court held as follows.
 We limited the application of Clark in Comer * * * where we held that "agency by estoppel is a derivative claim of vicarious *Page 10 liability whereby the liability of the hospital must flow through the independent-contractor physician. Consequently, there can be no viable claim for agency by estoppel if the statute of limitations against the independent contractor physician has expired." Reasoning that "a direct claim against a hospital premised solely upon the negligence of an agent who cannot be found liable" would be contrary to basic agency principles * * *, Comer precluded application of the agency-by-estoppel doctrine in cases where the agent's potential liability had been extinguished by operation of law.
 In this instance, McLeod failed to join Hatoum as a party to the action, but this failure does not render the doctrine of agency by estoppel inapplicable. As the court of appeals notes, the doctrine can also apply based upon the allegedly negligent actions of the nurses attending Walter's birth.
Harris, supra at ¶ 44-45. Thus, the Supreme Court allowed a claim of negligence against the hospital when the negligence of its employees could be the basis of the claim even though the nurses were not named as defendants.
 {¶ 10} Here, Holland filed a claim against Bob Evans and various employees, including Coronati and other employees. Additionally, Holland claims that Bob Evans "acted negligently by acts of commission and omission, including but not limited to failure to exercise due care for the protection of business invitees, failure to maintain the premises in a safe condition, failure to warn Plaintiff of unsafe conditions and failure to train personnel to afford a safe walkway for business invitees on the premises[.]" Complaint, 3-4. Under the doctrine of respondeat superior, the employer is liable for the actions of the employee and can be sued independently of the employee by the injured party. *Page 11 
 Lusito v. Kruse (1940), 136 Ohio St. 183, syllabus, 24 N.E.2d 705. The complaint alleges that Bob Evans is liable due to the acts of its employees and due to its own failures. The failure to amend the complaint to specifically name Coronati, an employee of Bob Evans, results in Coronati, if named as a party by Holland, being able to claim the affirmative defense of the statute of limitations. However, this does not automatically apply to Bob Evans as Coronati's employer since there are separate claims timely raised against Bob Evans. Bob Evans, as the employer, is in a different position than would be the principal who hired an independent contractor. Bob Evans had total control over the training and the methods used by Coronati to complete his job. Thus, this case is clearly distinguishable from Comer and the trial court erred in granting summary judgment based upon Comer. The first, second, and third, assignments of error are sustained.
 {¶ 11} In the fourth assignment of error, Holland claims that the trial court erred by denying him the right to present his claims concerning Bob Evans' alleged negligent independent actions which allegedly result in liability. A review of the record indicates that after determining the statute of limitations applied, the trial court did not consider any other arguments. Since the statute of limitations defense was erroneously applied to Bob Evans, the trial court erred by failing to consider the additional arguments. The fourth assignment of error is sustained. *Page 12 
 {¶ 12} The judgment of the Court of Common Pleas of Shelby County is reversed and the matter is remanded for further proceedings.
Judgment Reversed and Cause Remanded
 PRESTON and ROGERS, J.J., concur. *Page 1