[Cite as *Wulf v. Bravo Brio Restaurant Group, Inc.*, 2019-Ohio-3434.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| WILLIAM WULF, EXECUTOR OF THE ESTATE OF ROLAND WULF, | : | CASE NO. CA2018-12-238 |
| Appellant, | : | O P I N I O N |
| | : | 8/26/2019 |
| | : | |
| - vs - | : | |
| | : | |
| BRAVO BRIO RESTAURANT GROUP, INC., et al., | : | |
| Appellees. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2017-03-0719


DuPont & Blumenstiel, LLC, Braden A. Blumenstiel, 655 Metro Place South, Suite 440, Dublin, Ohio 43017-3389, for appellant

Reminger Co., L.P.A., Robert W. Hojnoski, 525 Vine Street, Suite 1700, Cincinnati, Ohio 45202, for appellees


**M. POWELL, J.**

{¶ 1} Appellant, William Wulf, appeals a decision of the Butler County Court of Common Pleas granting summary judgment to appellee, Bravo Brio Restaurant Group, Inc.

{¶ 2} On January 2, 2016, 89-year-old Roland Wulf went to dinner at Bravo Cucina

Italiana in West Chester, Ohio. Wulf was joined by his girlfriend, Mary Lou Caruso, his daughter, Patricia Young, and his son-in-law, James Young ("Young").

{¶ 3} At some point during the evening, Wulf excused himself to go to the restroom. Wulf walked to the restroom through an aisle that had dining booths on one side and the kitchen food counter on the other side. As Wulf was passing between the kitchen food counter and the dining booths, either on his way to the restroom or returning to his table afterwards, someone suddenly backed away and bumped into him, hitting his left leg. Wulf lost his balance, fell to the floor, and fractured a hip. None of Wulf's dinner companions witnessed the incident.

{¶ 4} On March 31, 2017, Wulf filed a complaint against Bravo Brio and several John Does, including an unknown waitress whom Wulf claimed was the person who bumped into him, causing him to fall. The complaint alleged that Wulf's injuries were the result of the negligence of the Bravo waitress and that Bravo Brio was liable under the doctrine of respondeat superior. Wulf was deposed on November 10, 2017. He passed away in February 2018. His son, William Wulf, as the executor of the estate, was substituted as plaintiff and proceeded with the lawsuit (the plaintiff in the litigation, appellant herein, and the victim, Roland Wulf, shall be referred to as Wulf).

{¶ 5} Bravo Brio moved for summary judgment. Attached to the motion was Wulf's deposition. Wulf filed a memorandum opposing summary judgment, supported in part with affidavits from Wulf, Caruso, and Young.

{¶ 6} Wulf averred in his October 31, 2016 affidavit that his fall was caused when a waitress holding a food tray suddenly backed away from a booth on his left without looking and bumped into him. The affidavit states that Wulf was on his way to the restroom when the incident occurred. Wulf's affidavit further states that (1) a female patron witnessed the incident and told Wulf's daughter that the incident was caused when a waitress backed

- 2 -

away from a booth without looking, (2) shortly after the incident, a waitress admitted to Young that she had bumped into Wulf, and (3) the waitress apologized several times to Caruso and Young.

{¶ 7} In his November 10, 2017 deposition, Wulf testified that his fall was caused when someone wearing a Bravo uniform backed into him, knocking him to the floor. The waitress then admitted working for the restaurant and apologized to Wulf, saying "she was sorry it happened" and "she was sorry she did this." Wulf testified, "I knew that they did it, but I couldn't prove it, basically, because I didn't see her do it. * * * [I]f I would have seen her coming, I could have pushed her, but I didn't." Wulf testified the waitress was wearing a Bravo uniform, was in her 20s, was 5' 6" tall and pretty slender, had brown hair, and was not wearing glasses. Wulf was not sure whether he was going to or returning from the restroom when the incident occurred. He was, however, certain that the waitress was to his left when she backed into him.

{¶ 8} When asked to describe how the incident occurred, Wulf testified several times that (1) as he was walking, he noticed servers standing at the kitchen food counter to his left, (2) as he was about a foot away from the servers, a waitress suddenly backed away from the kitchen food counter and bumped into him, and (3) he was looking ahead and did not see her coming. Wulf testified that had he seen her coming, the accident would not have had happened because he would have pushed her out of the way. Asked whether the waitress "was merely trying to back up, and as she was backing up, you just happened to be literally right behind her as you were walking past her; is that right?" Wulf replied "Yeah." Wulf denied the fall was caused by his age. Rather, Wulf stated it must have been a server because "they was [sic] the only people up there that could have done anything[,]" and "she must have just turned quickly because I didn't even see her."

{¶ 9} In her January 9, 2017 affidavit, Caruso averred that after she arrived at the

accident location, a female patron told her she had witnessed "the whole accident." The affidavit did not detail what the patron had witnessed. The affidavit further averred that a Bravo waitress apologized to Caruso for causing the accident.

{¶ 10} In his December 7, 2016 affidavit, Young averred that a Bravo waitress approached him and told him several times, "I'm so sorry." The affidavit further averred that Young overheard a female patron stating "she had seen the accident, and that a female Bravo waitress had caused the accident by bumping into [Wulf]."

{¶ 11} On December 3, 2018, the trial court granted summary judgment to Bravo Brio, finding that Wulf was unable to prove negligence. The trial court noted that Wulf's deposition and affidavit were inconsistent, contradictory, and unclear as to what occurred. The trial court further noted that Wulf's knowledge of the incident was based upon hearsay statements from an unidentified waitress and an unidentified female patron, as he never saw what happened and did not see the waitress cause the incident. The trial court concluded,

> [T]he Court is faced with a set of facts which provide that an unidentified employee of Defendant caused Wulf to fall, resulting in a broken hip. The testimony provides that Wulf himself is unclear as to what, or how, his fall occurred other than what he was told by this unidentified employee. His testimony is bolstered by his relatives and girlfriend in their individual affidavits, but again, the alleged tortfeasor is not identified, nor are any alleged witnesses.

{¶ 12} Wulf now appeals, raising six assignments of error. For ease of analysis, we will address Wulf's second assignment of error out of order.

{¶ 13} Wulf generally argues the trial court erred in granting summary judgment to Bravo Brio because when construing all of the evidence most strongly in favor of Wulf, as required by Civ.R. 56, there is a genuine issue of material fact as to whether Wulf's fall and injuries were caused by the negligence of the waitress employed by Bravo Brio, and thus,

whether Bravo Brio was liable under the doctrine of respondeat superior.

{¶ 14} In response, Bravo Brio generally argues that Wulf failed to show there is a genuine issue of material fact as to whether Bravo Brio owed or breached a duty of care to Wulf because the open and obvious doctrine bars Wulf's claim. Bravo Brio further argues that Wulf assumed the risk of injury by walking closely behind the group of servers standing near the kitchen food counter.

{¶ 15} An appellate court reviews a trial court's decision on a motion for summary judgment de novo, independently, and without deference to the decision of the trial court. *Flagstar Bank, FSB v. Sellers*, 12th Dist. Butler No. CA2009-11-287, 2010-Ohio-3951, ¶ 7. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10.

{¶ 16} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trial court to resolve. *Id.* In determining whether a genuine issue of material fact exists, the court must answer the following inquiry: "Does the evidence present a sufficient disagreement to require submission to a jury or is it so one-sided that one party must prevail as a matter of law?" *Wilson v. Maple*, 12th Dist. Clermont No. CA2005-08-075, 2006-Ohio-3536, ¶ 18.

{¶ 17} "Before ruling on a motion for summary judgment, the trial court's obligation is to read the evidence most favorably for the nonmoving party to see if there is a 'genuine issue of material fact' to be resolved." *Byrd*, 2006-Ohio-3455 at ¶ 12. "Only if there is none

does the court then decide whether the movant deserves judgment as a matter of law." *Id.* "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

{¶ 18} Before we address Wulf's assignments of error, we summarily dispose of the parties' following arguments.

{¶ 19} Wulf argues the trial court erred in granting summary judgment to Bravo Brio because the court admitted in its December 3, 2018 decision and entry that "an employee of Defendant caused Wulf to fall, resulting in a broken hip." Wulf asserts that "[t]he trial court's admission, in and of itself, demonstrates the existence of a genuine issue of material fact[.]" Viewed in the context of the trial court's grant of summary judgment to Bravo Brio, we construe the trial court's reference above merely as a recapitulation of Wulf's allegations.

{¶ 20} Wulf further argues the trial court erred in granting summary judgment to Bravo Brio on the ground the identity of the waitress was unknown because Bravo Brio did not raise this issue in its motion for summary judgment. Wulf is correct that it is "'reversible error to award summary judgment on grounds not specified in the motion for summary judgment.'" *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, ¶ 27, quoting *Patterson v. Ahmed*, 176 Ohio App.3d 596, 2008-Ohio-362, ¶ 14 (6th Dist.). However, a review of Bravo Brio's motion for summary judgment indicates that the motion raised the issue of the identity of the waitress. Wulf's second assignment of error is accordingly overruled.[1]

{¶ 21} Bravo Brio argues the trial court properly granted its motion for summary judgment because Wulf assumed the risk of injury by walking closely behind the group of

---

1. Wulf's second assignment of error states, "THE TRIAL COURT ERRED BY AWARDING SUMMARY JUDGMENT ON A GROUND NOT SPECIFIED IN BRAVO'S MOTION FOR SUMMARY JUDGMENT." We address the merits of Bravo Brio's argument concerning the identity of the waitress in our discussion of Wulf's sixth assignment of error.

servers standing near the kitchen food counter. The assumption of risk doctrine "precludes recovery by one who creates a condition 'obviously dangerous to himself by voluntarily exposing himself to a hazard created by another.'" *Beal v. Cardinal Container Corp.*, 10th Dist. Franklin No. 81AP-548, 1981 Ohio App. LEXIS 12836, * 3-4 (Dec. 22, 1981), quoting *Masters v. The New York Central Rd Co.*, 147 Ohio St. 293 (1947), paragraph four of the syllabus. However, Bravo Brio did not raise assumption of risk in its motion for summary judgment and we will not address it for the first time on appeal. *See Sickles v. Jackson Cty. Hwy. Dept.*, 196 Ohio App.3d 703, 2011-Ohio-6102, ¶ 7 (4th Dist.); *Meadowwood Manor, Inc. v. Ohio Dept. of Health*, 12th Dist. Brown No. CA2006-08-010, 2007-Ohio-2067, ¶ 27.

{¶ 22} Bravo Brio further argues the trial court properly granted its motion for summary judgment because the risk of colliding with a patron or employee within a restaurant is an open and obvious hazard for which Bravo Brio owed no duty to Wulf. Under the open and obvious doctrine, the owner of a premises does not owe a duty to persons entering those premises with regard to dangers that are open and obvious. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 13. The open and obvious nature of the hazard itself serves as a warning. *Id.* at ¶ 5. When the open and obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to any negligence claims. *Id.*

{¶ 23} "Premises tort claims where the alleged negligence arises from static or passive conditions, such as preexisting latent defects, are legally distinct from claims arising from active negligence by act or omission." *Holcomb v. Holcomb*, 12th Dist. Clermont No. CA2013-10-080, 2014-Ohio-3081, ¶ 21, citing *Simmons v. Am. Pacific Ent., L.L.C.*, 164 Ohio App.3d 763, 2005-Ohio-6957, ¶ 23 (10th Dist.). The distinction between static and dynamic forms of negligence is legally significant because the two claims correspond to two separate and distinct duties a premises occupier owes its business invitees. *Lumley v.*

*Marc Glassman, Inc.*, 11th Dist. Portage No. 2007-P-0082, 2009-Ohio-540, ¶ 26. "[S]tatic conditions relate to the owner's duty to maintain its premises in a reasonably safe condition, including an obligation to warn its invitees of latent or hidden dangers, while active negligence relates to the owner's duty not to injure its invitees by negligent activities conducted on the premises." *Id.*; *Holcomb* at ¶ 21; *Simmons* at ¶ 23 (premises occupier's liability arising from a dynamic form of negligence if its invitee is injured by its own act or by activities conducted on the premises). The open and obvious doctrine only applies to static conditions on a premises. *Lumley* at ¶ 26.

{¶ 24} Wulf is not claiming that Bravo Brio was negligent in maintaining the restaurant, nor is he complaining of any static conditions on the property, such as a hidden step, cracked sidewalk, or broken handrail. Rather, Wulf claims he was injured as a result of active negligence from a Bravo Brio employee backing into him, causing him to fall. Thus, the open and obvious doctrine does not apply here and does not bar Wulf's claims for purposes of summary judgment.

{¶ 25} We now consider Wulf's main arguments and remaining assignments of error. As stated above, Wulf generally argues there is a genuine issue of material fact as to whether Wulf's fall and injuries were caused by the negligence of the waitress employed by Bravo Brio, and thus, whether Bravo Brio was liable under the doctrine of respondeat superior.

{¶ 26} To establish negligence in a premises liability case, a plaintiff must show the existence of a duty, a breach of that duty, causation, and damages. *Dickerson v. Kirk*, 12th Dist. Butler No. CA98-09-186, 1999 Ohio App. LEXIS 78, *3-4 (Jan. 19, 1999), citing *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142 (1989). The parties do not dispute Wulf's legal status as an invitee. A business invitee is one who comes upon the premises of another, by invitation, express or implied, for some purpose that is beneficial to the owner. *Lumley,* 2009-Ohio-

540 at ¶ 19.

{¶ 27} Under the doctrine of respondeat superior, an employer is liable for an employee's negligence where work is performed for the master and the servant is subject to the control of the master in performing the work. *Brown-Spurgeon v. Paul Davis Systems of Tri-State Area, Inc.,* 12th Dist. Clermont No. CA2012-09-069, 2013-Ohio-1845, ¶ 17.

{¶ 28} Assignment of Error No. 1:

{¶ 29} THE TRIAL COURT ERRED BY FAILING TO APPLY AND FOLLOW THE CORRECT STANDARD FOR RULING ON A MOTION FOR SUMMARY JUDGMENT WHICH MANDATES THE COURT TO VIEW ALL EVIDENCE AND INFERENCES IN A LIGHT MOST FAVORABLE TO APPELLANT WILLIAM WULF (WULF), BUT INSTEAD MISINTERPRETED AND IMPERMISSIBLY VIEWED THE EVIDENCE IN A LIGHT MOST FAVORABLE TO APPELLEE BRAVO.

{¶ 30} Wulf generally argues that the trial court failed to view all evidence in a light most favorable to Wulf, as required by Civ.R. 56, improperly disregarded Wulf's deposition testimony and the affidavits of Wulf, Caruso, and Young regarding the apologies of the waitress as hearsay, and failed to properly apply the doctrine of respondeat superior. Wulf more specifically raises these issues in his third through sixth assignments of error. Consequently, the general arguments raised in the first assignment of error will be considered in conjunction with the third through sixth assignments of error when applicable.

{¶ 31} Assignment of Error No. 3:

{¶ 32} THE TRIAL COURT ERRED BY IMPROPERLY DEFINING THE BRAVO WAITRESS' ADMISSIONS BY A PARTY-OPPONENT (EVID.R. 801) AS HEARSAY AND REFUSING TO CONSIDER SUCH EVIDENCE WHEN DECIDING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶ 33} In this assignment of error and the next, Wulf references Wulf's deposition

testimony and the averments in the affidavits of Wulf, Caruso, and Young that (1) the woman who backed into Wulf was wearing a Bravo uniform, (2) the woman admitted to Wulf that she worked for the restaurant, (3) the woman stated to Wulf and Caruso that she was sorry for causing the accident, and (4) the woman apologized to Caruso and Young.

{¶ 34} In his third assignment of error, Wulf argues that the trial court improperly excluded from its consideration the apologies made by the unidentified waitress to Wulf, Caruso, and Young as hearsay. Wulf asserts that the apologies were not hearsay; furthermore, they are admissible as admissions of a party opponent under Evid.R. 801(D)(2).

{¶ 35} Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The Staff Notes to Evid.R. 801(C) elaborate on the definition as follows: "Hearsay is limited to statements offered into evidence to prove the truth of the assertion by the declarant not on the witness stand at the time of the declaration. The definition discloses its relative nature." *Id.* "If a statement is not offered to prove its truth but is offered for some other reason such as simply to prove the statement was made, if such fact is relevant, it is not hearsay. Words constituting conduct are not hearsay, e.g., words of a contract, libel, slander, threats and the like." *Id.*

{¶ 36} The waitress' apologies to Wulf, Caruso, and Young as described in Wulf's deposition and the three affidavits were not hearsay because the statements were not offered to prove the truth of the matter asserted. That is, the evidence was not offered to prove that the waitress was truly sorry for what happened. Rather, the evidence was offered to establish that the person who bumped into Wulf was a Bravo Brio employee based upon the apologies offered by a woman wearing a Bravo uniform and identified as a Bravo waitress. The trial court, therefore, erred in finding that the waitress' apologies were

hearsay and in excluding them from its consideration. Civ.R. 56(C) places a clear and mandatory duty on a trial court to examine all appropriate materials filed by the parties before it when ruling on a motion for summary judgment. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358 (1992). "The failure of a trial court to comply with this requirement constitutes reversible error." *Id.* at 141.

{¶ 37} Additionally, the waitress' apologies to Wulf, Caruso, and Young were not hearsay because they are a statement by a party opponent under Evid.R. 801(D)(2). As applicable here, Evid.R. 801(D)(2)(d) defines an admission by a party opponent as a statement that "is offered against a party and is a statement by the party's servant concerning a matter within the scope of employment, made during the existence of the relationship." Consequently, "[t]he statement of a party's agent or employee made in the course of employment concerning matters relating to such employment is admissible against such party." Staff Notes to Evid.R. 801(D)(2)(d).

{¶ 38} Admissions of liability against an employer, including statements of opinion regarding liability, are not within an employee's scope of employment and are therefore inadmissible under Evid.R. 801(D)(2)(d). *Semco, Inc. v. Sims Bros., Inc.*, 3d Dist. Marion No. 9-12-62, 2013-Ohio-4109, ¶ 26. However, factual assertions made by an employee within his or her knowledge and scope of employment are admissible. *Id.*

{¶ 39} The waitress' apologies to Wulf, Caruso, and Young for causing the accident were not offered to prove she was truly regretful about the incident but rather to identify her as an employee of Bravo Brio and the at-fault actor. The apologies dealt with the waitress' own responsibility in causing the accident when she backed into Wulf while carrying a food tray, and thus concerned a matter within the scope of employment and were made during the employment relationship. Moreover, the waitress' statements were a factual assertion within her knowledge. Unlike the statements made in the cases cited by Bravo Brio, the

waitress' statements were not an admission or a statement of opinion regarding the liability of Bravo Brio. They were therefore admissible under Evid.R. 801(D)(2)(d) and the trial court erred in excluding them from its consideration when ruling on Bravo Brio's motion for summary judgment.

{¶ 40} Wulf's third assignment of error is sustained.

{¶ 41} Assignment of Error No. 4:

{¶ 42} THE TRIAL COURT ERRED BY REFUSING TO CONSIDER PRESENT SENSE IMPRESSIONS [EVID.R. 803(1)]; EXCITED UTTERANCES [EVID.R. 803(2)]; STATEMENTS OF THEN EXISTING MENTAL, EMOTIONAL OR PHYSICAL CONDITIONS [EVID.R. 803(3)]; AND STATEMENTS AGAINST INTEREST [EVID.R. 804(B)(3)] DEMONSTRATING THE LIABILITY OF APPELLEE.

{¶ 43} Wulf argues that the trial court wrongfully excluded from its consideration the waitress' apologies to Wulf, Caruso, and Young as hearsay. Wulf asserts that the statements were admissible pursuant to the present sense impression, excited utterances, and statements against interest exceptions to the hearsay rule.[2] Wulf further argues that the statements of the unidentified female patron as to what she observed were admissible as excited utterances.

{¶ 44} In his affidavit and deposition, Wulf claims that the waitress made statements acknowledging that she had caused the accident. Wulf further testified in his deposition that the waitress admitted working for Bravo Brio. Caruso avers in her affidavit that a Bravo Brio waitress "apologized to me for causing the accident with [Wulf]." Young's affidavit avers only that while Wulf was lying on the floor, "a Bravo Brio waitress approached me and

---

2. Although Wulf's fourth assignment of error specifically refers to the "statements of then existing mental, emotional or physical condition" exception to the hearsay rule under Evid.R. 803(3), Wulf's brief fails to argue how and why the waitress' apologies are admissible under Evid.R. 803(3). We will therefore not address this issue.

stated, 'I'm so sorry' several times."

{¶ 45} Evid.R. 803(1) defines "present sense impression" as a "statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness." "Present sense impressions are those declarations made by an observer at the time the event is being perceived. The circumstantial guaranty of trustworthiness is derived from the fact that the statement is contemporaneous and there is little risk of faulty recollection, and it is made to another who is capable of verifying the statement at the time it is made." Staff Notes to Evid.R. 803(1).

{¶ 46} The waitress' statements to Wulf, Caruso, and Young apologizing to them, acknowledging to Wulf that she was employed by Bravo Brio, and admitting involvement in the incident were admissible as present sense impressions under Evid.R. 803(1). The statements, made contemporaneously with Wulf's fall, tended to describe or explain that a waitress employed by Bravo Brio caused Wulf to fall to the floor. Furthermore, Caruso and Young were able to partially verify and lend circumstantial trustworthiness to the statements as they each could confirm that Wulf had been injured in a fall on his way to or from the restroom.

{¶ 47} Evid.R. 803(2) defines "excited utterance" as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." "To qualify as an excited utterance consideration must be given to (a) the lapse of time between the event and the declaration, (b) the mental and physical condition of the declarant, (c) the nature of the statement[,] and (d) the influence of intervening circumstances." Staff Notes to Evid.R. 803(2). There are no averments in the affidavits or deposition testimony describing the emotional state of the waitress at the time she made her statements. Likewise, there are no averments in the affidavits describing

the emotional state of the female patron at the time she made her statements. The statements of the waitress and female patron were therefore not admissible as excited utterances under Evid.R. 803(2) for purposes of summary judgment.

{¶ 48} Evid.R. 804(B)(3) defines a "statement against interest" as

A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the truthworthiness of the statement.

{¶ 49} The admissibility of hearsay exceptions under Evid.R. 804 requires that the declarant be "unavailable" as a witness. Evid.R. 804(A) defines the conditions under which a declarant is deemed to be unavailable. The burden of establishing unavailability rests on the party offering the evidence. *See State v. Lincoln*, 8th Dist. Cuyahoga No. 58540, 1991 Ohio App. LEXIS 2307 (May 5, 1991). Neither the affidavits of Wulf, Caruso, or Young nor Wulf's deposition demonstrate that the waitress was unavailable as a witness. The apologies of the waitress were therefore not admissible as statements against interest under Evid.R. 804(B)(3) for purposes of summary judgment.

{¶ 50} Wulf's fourth assignment of error is sustained in part and overruled in part.

{¶ 51} Assignment of Error No. 5:

{¶ 52} THE TRIAL COURT ERRED BY IMPERMISSIBLY DISREGARDING STATEMENTS MADE BY ROLAND WULF AS CONTRADICTORY AND IN A LIGHT MOST FAVORABLE TO APPELLEE BRAVO INSTEAD OF TO APPELLANT DESPITE THE FACT APPELLEE NEVER FILED A MOTION TO STRIKE.

{¶ 53} Wulf argues the trial court erred in characterizing Wulf's deposition and

affidavit statements as being contradictory and in subsequently disregarding them even though Bravo Brio never moved to strike such evidence.

{¶ 54} "'Unless a motion to strike has been properly granted pursuant to Civ.R. 56(G), all evidence presented is to be evaluated by the trial court pursuant to Civ.R. 56(C) before ruling.'" *Pettiford v. Aggarwal*, 126 Ohio St.3d 413, 2010-Ohio-3237, ¶ 24, quoting *Byrd*, 2006-Ohio-3455 at ¶ 26.

{¶ 55} In finding that Wulf's deposition and affidavit were contradictory, the trial court focused on the fact that Wulf "was not clear as to whether he was traveling to, or from, the restroom when his fall occurred." In his affidavit, Wulf averred he was going to the restroom when a waitress backed away from a booth on his left. In his deposition, Wulf testified he was returning from the restroom when a waitress backed away from the kitchen food counter to his left. The trial court further noted that Wulf's knowledge of the incident was based upon inadmissible hearsay statements from an unidentified waitress and unidentified female patron, as he never saw what happened that caused him to fall.

{¶ 56} The primary operative facts in Wulf's affidavit and deposition were that someone bumped into him, causing him to fall, and that subsequently a Bravo waitress apologized to him. We reiterate our holding above that the trial court erred in excluding the waitress' apologies to Wulf, Caruso, and Young from its consideration in ruling on Bravo Brio's motion for summary judgment because the apologies were not hearsay and were admissible.

{¶ 57} Whether the incident occurred when Wulf was going to or returning from the restroom was tangential to the main issue of whether a Bravo Brio employee negligently bumped into Wulf. Furthermore, in both his affidavit and deposition, Wulf consistently stated that the waitress was to his left when the incident occurred. The inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and

depositions, must be construed in a light most favorable to the party opposing the motion. *Ward v. Oakley*, 12th Dist. Butler No. CA2013-03-031, 2013-Ohio-4762, ¶ 13; *Turner v. Turner*, 67 Ohio St.3d 337, 341 (1993). The trial court, therefore, erred in construing this inconsistency against Wulf.

{¶ 58} Wulf's fifth assignment of error is sustained.

{¶ 59} Assignment of Error No. 6:

{¶ 60} THE TRIAL COURT ERRED BY FAILING TO PROPERLY APPLY THE "RESPONDEAT SUPERIOR" DOCTRINE (WHICH DOES NOT REQUIRE THE IDENTIFICATION OF AN AGENT/EMPLOYEE IN ORDER TO HOLD A PRINCIPAL LIABLE) STANDARD WHEN GRANTING BRAVO'S MOTION FOR SUMMARY JUDGMENT.

{¶ 61} Wulf argues the trial court erred in requiring that the waitress involved in the incident be specifically identified as a prerequisite to applying the doctrine of respondeat superior. The trial court did not cite case law in support of this prerequisite.

{¶ 62} As stated above, an employer is liable for an employee's negligence under the doctrine of respondeat superior where work is performed for the master and the servant is subject to the control of the master in performing the work. *Brown-Spurgeon*, 2013-Ohio-1845 at ¶ 17. For the employer to be liable, the employee's acts must also be within the scope of the employment. *Id.* The injured party is free to seek full relief from either the employee or the employer at the injured party's option. *Orebaugh v. Wal-Mart Stores, Inc.*, 12th Dist. Butler No. CA2006-08-185, 2007-Ohio-4969, ¶ 15. "[I]n the event that the injured third party seeks to recover from the employer, all he need do is prove that the employee was negligent and that the employee was acting within the scope of employment. There is no requirement that the employee be named as a party to the suit in order to prove his negligent acts." *Id.*

**{¶ 63}** Wulf cites three cases for the proposition that the identity of a negligent employee need not be established to hold the employer liable under the doctrine of respondeat superior. *See Bostic v. Taco Bell Corp.*, 6th Dist. Lucas No. L-93-054, 1993 Ohio App. LEXIS 4470 (Sept. 24, 1993); *Dowdel v. Elby's Restaurant*, 7th Dist. Jefferson No. 86-J-13, 1987 Ohio App. LEXIS 8295 (Aug. 11, 1987); and *Horner v. Jiffy Lube Internatl., Inc.*, 10th Dist. Franklin No. 01AP-1054, 2002-Ohio-2880. None of these cases discuss the doctrine of respondeat superior.

**{¶ 64}** In turn, Bravo Brio cites our opinion in *Brown-Spurgeon* in support of the trial court's requirement that a negligent employee must be specifically identified for the doctrine of respondeat superior to apply. However, while *Brown-Spurgeon* stands for the proposition that a claim based upon respondeat superior requires a showing that the negligent individual was an employee acting in the course of employment, it does not hold that the identity of the negligent employee be established.

**{¶ 65}** Bravo Brio further cites several cases for the proposition that "the tortfeasor must be identified as an employee for respondeat superior to apply." *See Laskin v. Bd. Of Cty. Commrs.*, 11th Dist. Ashtabula No. 1311, 1988 Ohio App. LEXIS 301 (Jan. 29, 1988); *Ward v. Oak Hills School Dist.*, 1st Dist. Hamilton No. C-950075, 1995 Ohio App. LEXIS 5323 (Dec. 6, 1995); *Tipton v. PJ's Pancake & Steak House*, 6th Dist. Ottawa No. OT-97-021, 1998 Ohio App. LEXIS 1258 (Mar. 31, 1998); and *Holland v. Bob Evans Farms, Inc.*, 3d Dist. Shelby No. 17-07-12, 2008-Ohio-1487. However, none of these cases hold that a negligent employee must be specifically identified for respondeat superior to apply. In *Laskin*, *Tipton*, and *Holland*, the negligent employees happened to be identified. It is unclear whether the negligent custodians in *Ward* were specifically identified as they were simply referred to as custodians.

**{¶ 66}** We have not found any cases requiring that the identity of a negligent

employee be identified for respondeat superior to apply. We see no reason why a claim of respondeat superior should be dependent upon the plaintiff establishing the identity of the negligent employee, as long as the plaintiff establishes that the negligent individual was an employee in the course of employment. In the case at bar, the identification of the waitress was not required because Wulf, Caruso, and Young observed the woman wearing a Bravo uniform. Furthermore, the waitress acknowledged to Wulf she was working for the restaurant. The trial court, therefore, erred in requiring that the waitress involved in the incident be specifically identified as a prerequisite to applying the doctrine of respondeat superior.

{¶ 67} Wulf's sixth assignment of error is sustained. In light of our holding in the third, fifth, and sixth assignments of error, Wulf's first assignment of error is sustained.

{¶ 68} In light of all of the foregoing, and construing the inferences to be drawn from the underlying facts contained in the affidavits and Wulf's deposition in a light most favorable to Wulf, as required by Civ.R. 56(C), we find that there are genuine issues of material fact as to whether the person wearing a Bravo uniform who apologized to Wulf, Caruso, and Young after the incident was an employee of Bravo Brio, whether the waitress had a duty to protect against colliding with patrons while performing her job responsibilities and thus whether she failed to look out before she bumped into Wulf, whether Wulf did not see the waitress coming because he was not looking or was simply too close to the waitress to avoid her, and thus whether Bravo Brio is liable under the doctrine of respondeat superior.

{¶ 69} The trial court's judgment is accordingly reversed and remanded for further proceedings consistent with this opinion.

S. POWELL, P.J., and PIPER, J., concur.